————o————

GEORGE W. STEPHENS, Respondent, vs. ANDREW J. BROWN, Appellant.

<table>
<tr><td>56</td><td>23</td></tr>
<tr><td>62a</td><td>337</td></tr>
<tr><td>56</td><td>23</td></tr>
<tr><td>130</td><td>594</td></tr>
</table>

1. *Landlord and tenant—Lessee holding over—Notice to quit, when not necessary.*—A lessee for a year, holding over, but disclaiming his landlord's title, is not entitled to notice to quit.

2. *Practice, civil—Motion for a new trial—Execution.*—It is error to issue execution before motion for a new trial is determined.

*Appeal from Linn Circuit Court.*

*George W. Easley,* for Appellant.

I. The acceptance of a lease, with a stated rent reserved, for a definite time, and holding thereunder for many years, as in this case for nine years, creates a tenancy from year to year, and the tenant is entitled to notice to quit before he can be dispossessed. (Tayl. Land & Ten., § 60, 467, 468 ; Jackson vs. Miller, 7 Cow., 747 ; Bedford vs. McElherron, 2 Serg. & R., 49 ; Jackson vs. Bryan, 1 Johns., 322 ; Grant vs. White, 42 Mo., 285; Finney vs. St. Louis, 39 Mo., 177.)

And whether the landlord consented to the holding after the expiration of the written lease, is a question of fact to be submitted to the jury, who may infer consent from the acquiescence of the landlord. (Grant vs. White, *supra*, and authorities above cited.) Nor is this rule changed by the statute (2 Wagn. Stat., 880, § 14), because after the expiration of the lease, by a long continuance of the possession with the acquiescence of the landlord, a new contract—a tenancy from year to year—is created. (The case of Young vs. Smith, 28

Mo., 65 was a case where a sufficient time had not elapsed to raise presumption of a new title. See the authorities cited above.)

II. Nor do the matters set up in the answer in this case amount to a disclaimer of the tenancy so as to dispense with notice to quit.

*A. W. Mullins,* for Respondent.

I. After accepting the lease and taking possession, defendant could not controvert DeGraw's title. (Hodges vs. Shields, 18 B. Mon., 828; Parker vs. Raymond, 14 Mo., 535; Walker vs. Harper, 33 Mo., 592; Grant vs. White, 42 Mo., 285.)

II. Notice to quit was not necessary. The tenant claims to hold adversely to his landlord. (Ingraham vs. Baldwin, 9 N. Y., 45; Jackson vs. French, 3 Wend., 337, 339; Thorp vs. Kelly, 5 Davis, 431; Young vs. Smith, 28 Mo., 65; Grant vs. White, Mo., *supra ;* Tyler Eject., 365; 3 Phil. Ev., 590.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment. The defendant by his answer denied the plaintiff's right to the possession, and specifically set up the statute of limitations. To maintain the issues on his part, the plaintiff introduced as evidence, a lease of the land in dispute for one year to the defendant, from one Hamilton DeGraw, ending in 1861, and then by appropriate conveyances, traced title in himself from DeGraw. The suit was commenced in 1869. This was substantially all the evidence in regard to the plaintiff's title. The case was submitted to a jury. The defendant introduced no evidence to maintain his defense, but demurred to the plaintiff's evidence. The court overruled this demurrer and a verdict and judgment were rendered for the plaintiff. The defendant filed a motion for a new trial, which was continued under advisement till the next term, and in the meantime an execution was issued and the plaintiff was put in possession of the land. At the next term the motion for a new trial was overruled and defendant excepted. He also filed a motion to quash the execution, which was overruled.

The main point relied on here, was the action of the court in overruling the demurrer to plaintiff's evidence. It is insisted, that under the evidence, the plaintiff could not maintain his action without first giving the defendant notice to quit. When a tenant holds over, but disclaims the right of his landlord to the premises, he is not entitled to notice to quit. This was a lease for one year. It had a definite time to run; and in such case no notice to quit was necessary.

There is nothing in the case to show that the tenancy was recognized by either party after the end of the year.

The demurrer to the plaintiff's evidence was therefore properly overruled.

It was erroneous to issue an execution before the motion for a new trial had been disposed of. But as the case resulted in favor of the plaintiff, this error caused no injury to the defendant.

Judgment affirmed. The other judges concur.