## CALDWELL v. WHITE, *Appellant.*

77  471
33a 606
77  471
98  628
77  471
43a 221
77  471
147 647

**Judgments**, AS RES ADJUDICATA. A party to an action who suffers judgment to go against him, cannot in a subsequent proceeding, either in equity or at law, cause such judgment to be reviewed by an allegation of the same facts which were adjudged insufficient, when set out in his answer, as a defense to the former action.

*Appeal from Shelby Circuit Court.*—HON. JOHN T. REDD, Judge.

REVERSED.

*Anderson & Boulware* for appellant.

*Jewett* for respondent.

NORTON, J.—In 1857, plaintiff, Wm. D. Caldwell, exe-
cuted his promissory note to Samuel B. Caldwell, his father,
for $809. Payments indorsed thereon prevented the run-
ning of the statute of limitations. After the death of
said Samuel B., said note came to the hands of defendant
White, his executor, as assets. Said executor, White,
brought suit on the note to November term, 1874, of
Shelby circuit court against said Wm. D. Wm. D. filed
his answer in said suit, alleging in substance that said note
was executed by him for money borrowed of the testator;
that the said money belonged to Nancy J. Caldwell, the wife
of testator, and had come to her from her father's estate;
that said testator held the same for the use and benefit of
said Nancy J.; that said Nancy J., after the death of said
Samuel B., had by her writing, in consideration of natural
love and affection and of the sum of $200 by said Wm. D.
paid to said Nancy J., relinquished said note and the in-
debtedness evidenced thereby to him, said Wm. D. White
filed a demurrer to said answer; the ground of demurrer
being that the facts stated therein were not sufficient to
constitute a defense to the action. The court sustained
the demurrer, and the defendant therein, Wm. D. Cald-
well, declining to further plead, rendered judgment for the
amount of said note and interest and for costs. The said
judgment for costs said defendant thereafter paid off.
Afterward said Wm. D. Caldwell, defendant in said suit,
brought this suit in said circuit court of Shelby county,
against said White, executor, and said Nancy J. Caldwell,
as defendants. In his petition he set out the same facts set
up in his answer in the prior suit against him, and further
alleged that he had so pleaded them in his answer in said
prior suit, and that said White, executor therein, demurred
to his said answer on the ground that said facts constituted

no defense to said action, and further alleged that the court sustained such demurrer, and rendered judgment in favor of said plaintiff therein; and he prayed that said executor be enjoined from the collection of said judgment and that he be decreed to enter satisfaction thereof. Said defendant, Nancy J. Caldwell, filed no answer to said petition, and set up no claim to said indebtedness or judgment. Defendant White, executor, answered, denying all the substantive allegations of the petition, and pleading the judgment of the court in the former case as an adjudication of the matter set up in the bill. Upon the hearing defendant White objected to the introduction of any evidence on the part of plaintiff, on the ground that the petition did not state facts sufficient to constitute a cause of action. This objection the court overruled, and defendant White duly excepted.

We are of the opinion that the court erred in overruling defendant White's objection to the introduction of evidence, for the reason that it clearly appears on the face of the petition that the very same matters set up in plaintiff's petition and sought to be litigated, were set up, litigated and passed into judgment in a former suit brought by defendant White, as executor, against Samuel B. Caldwell, defendant in that suit, and plaintiff in this. It is well settled that when a party to an action, being fully apprised of his rights, suffers judgment to go against him either in whole or in part, he cannot in a subsequent proceeding, either at law or in equity, be allowed to re-agitate questions which were or should have been adjudicated at the former trial. *Shelbina Hotel Asso'n v. Parker*, 58 Mo. 327. This principle applies in the present case, as plaintiff in this suit relied in the former suit against him on a defense, upon which he now relies as giving him a cause of action, and the judgment rendered against him in the former suit cannot be reviewed in a proceeding instituted by him as plaintiff wherein he builds his rights of action upon the same facts

which had been adjudged to be insufficient as a defense against a recovery in the former suit.

Under this view of the case, judgment must be reversed and plaintiff's bill dismissed, in which all the judges concur.