CHARLES E. CASE, Respondent, v. TRUMAN B. GORTON, Appellant.

Kansas City Court of Appeals, February 4, 1889.

1. **Judgment, Conclusive Effect of.** An assignee in bankruptcy of a corporation filed his petition in the United States district court of Iowa, against the secretary of said corporation and others, containing these substantive averments, (1) that the corporation had been insolvent for more than six months prior to the filing of the petition in bankruptcy ; (2) that the defendant, as secretary, with the treasurer of the corporation, without authority, sold two hundred and twenty-eight barrels of glue, the property of the corporation, from which they received a large amount of money, out of which they appropriated eighteen hundred dollars to their own use in fraud of the creditors of the corporation, etc. The answer put these allegations in issue. The judgment of the court upon these issues was for the plaintiff ; *held* that the nature of the debt sued for and the manner in which it arose were settled by such adjudication.

2. —— : —— : PAROL EVIDENCE: ADMISSIBILITY OF. And where the defendant in such judgment is sued thereon and pleads his discharge in bankruptcy, to which there is reply that the debt sued for was created by fraud and while acting in a fiduciary capacity, the *gravamen* of the complaint in the Iowa case having been that defendant had been guilty of fraud while acting in a fiduciary capacity in creating the debt sued for, defendant will not be permitted to introduce evidence to show that there was no fraud, and that the creation of the debt was an honest transaction and done in good faith, the rule being inflexible that there shall be included in the conclusive effect of every final judgment every matter material to the disposition of the controversy as made by the pleadings when the cause is submitted for decision.

3. —— : —— : GENERAL RECORD. The rule announced in some cases that parol evidence is admissible to show that the same fact was submitted and passed upon by the jury in a former trial in cases where the record is so general in its character that it could not be known, without the aid of such evidence, what the precise matter in controversy was at such former trial, cannot apply in this case, as the record in controversy is not of such general nature.

4. ——— : ———— : FRAUD IN LAW AND IN FACT. The distinction between fraud in fact and fraud in law can avail plaintiff nothing, for the reason that the specific charge in the petition in the Iowa case is, that the defendant, while acting in a fiduciary capacity, fraudulently converted to his own use money which belonged to the corporation whose agent he was, and the action was not to recover a preference he had received in violation of the bankrupt law.

*Appeal from the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*Karnes & Krauthoff, Warner, Dean & Hagerman, Henry N. Ess*, for appellant.

It is never a fraud to pay a debt except under some bankrupt statute making it such fraud. This is not fraud in fact. A debt contracted by such a fraud of the bankrupt is discharged. This position is supported by the following authorities : *Neal v. Clark*, 95 U. S. 704, *et seq.* ; *Wolf v. Stix*, 99 U. S. 6, *et seq.* ; *Hennegan v. Clews*, 111 U. S. 678 ; *Strang v. Bradner*, 114 U. S. 556. The general rule is this : " To render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried or determined—that is, that the verdict in the suit could not have been rendered without deciding that matter." This is the rule laid down by the supreme court of the United States, which rule ought certainly to be applied to a judgment rendered in her own courts. *Russell v. Pace*, 94 U. S. 606, *et seq.* ; *Packet Co. v. Sickels*, 24 Howard, 333, *et seq.* ; *Packet Co. v. Sickles*, 5 Wall. 580, 592. " In order to show by evidence *aliunde* that a matter is *res judicata*, it must appear not only that it was properly in issue in the former trial, but also that the verdict and judgment necessarily involved its determination."

*Hickerson v. Mexico*, 58 Mo. 65. "It must appear by the record of the prior suit that the particular controversy sought to be concluded was necessarily tried and determined." 5 Wall. 592. "A judgment is conclusive by way of estoppel only as to facts without the proof or admission of which it could not have been rendered." *Porter v. Wagner*, 36 Ohio St. 475. "But to invoke successfully this rule, it must be shown that in the former action the issue was in fact litigated and decided. It is not sufficient that it was there so involved that it might have been decided. *Brady v. Pryor*, 69 Georgia, 697; *Prewitt v. Holly*, 73 Ala. 371–2 ; *Aikin v. Peck*, 22 Vt. 260 ; *Cromwell v. Sac County*, 94 U. S. 351, *et seq. ; Russell v. Place*, 94 U. S. 606, *et seq.* The court erred in refusing to admit the evidence offered by defendant. See foregoing authorities, and also the following: Bigelow on Estoppel [4 Ed.] pp. 55, 57, sec. 6 ; *Davis v. Brown*, 94 U. S. 428, 429 ; *Tutt v. Price*, 7 Mo. App. 196–7; 1 Herman on Estoppel and *Res Judicata*, 110, 112 ; Freeman on Judg. secs. 259, 273 and 276 ; *Spradling v. Conway*, 51 Mo. 53, 54.

*Brown, Chapman & Brown*, for respondent.

The decree in this case is a sentence or order of the court pronounced on hearing and understanding all points in issue, and determining the rights of all parties to the suit according to equity and good conscience. 2 Daniel's Ch. Pr. 986 ; Freeman on Judg. sec. 9. Under the bankrupt law a judgment rendered against a party on the ground of fraud, or while acting in a fiduciary capacity, will not be affected by a discharge in bankruptcy. *Palmer v. Hussey*, 87 N. Y. 303 ; *Hennequin v. Clews*, 77 N. Y. 427. A discharge in bankruptcy is no defense to a suit on a judgment, which was for the "covins, frauds, wrongs and injuries," committed by the bankrupt defendant. *Harner v. Spellman*, 78 Ill. 207. Nor does

a debt lose its fraudulent character by being reduced to judgment. Young v. Grow, 14 R. I. 340. Under the bankrupt act, an indebted factor or commission merchant stands in a fiduciary relation to his principal with respect to the proceeds of sales, and debts incurred in this manner are not discharged. Lemch v. Booth, 47 Mo. 385 ; Meadow v. Sharp, 12 Bankrupt Reg. 492 ; Howard v. Noble, 57 Vt. 193. It is a universal rule of practice that a party to a bill in equity is estopped by the decree as to matters put in issue by the pleadings and settled by the decree, etc. Herman on Estoppel and Res Judicata, secs. 407, 408 ; Noyes v. Kern, 94 Ill. 521 ; Caldwell v. White, 77 Mo. 471 ; Lewis v. Brown, 109 U. S. 167 ; Corcoran v. Canal Co., 94 U. S. 741 ; 1 Herman on Estoppel and Res Judicata, sec. 111 ; Poorman v. Mitchell, 84 Mo. 45.

Gage, Ladd & Small, for respondent.

(1) A controversy once litigated to final judgment becomes res judicata as to all questions of law and fact decided, and cannot be again re-opened as to such facts in another suit between the same parties. Bigelow on Estoppel [ 4 Ed. ] 97 ; Herman on Estoppel, secs. 90, 100. (2) The question of the nature of the indebtedness, and the manner in which it arose, was settled by the Iowa litigation. Armstrong v. City, 69 Mo. 310 ; Freeman on Judgments, secs. 272, 275 ; Mason v. Summers, 24 Mo. App. 180 ; Eastman v. Cooper, 15 Pick. 279 ; Dutton v. Woodman, 9 Cush. 261 ; Foye v. Patch, 132 Mass. 110 ; Tuska v. O' Brien, 68 N. Y. 449 ; Embury v. Conner, 3 Comst. 522 ; Offutt v. John, 8 Mo. 120.

SMITH, P. J.—This appeal is taken from a judgment rendered on a judgment and decree in the United States district court of Iowa, at Keokuk, on January 8, 1878. The defendant pleaded his discharge in bankruptcy from all debts in existence on April 26, 1878, as a defense to the action on the judgment obtained in Iowa.

The reply admits the discharge in bankruptcy, but alleges that the debt sued for was created by the fraud and embezzlement of the defendant, and while acting in a fiduciary capacity; that the defendant was secretary and one of the principal officers of the Davenport Glue Factory, a corporation, etc., and, while acting as such officer, he wrongfully, unlawfully and fraudulently appropriated to his own use and embezzled a large amount of money which had come into his hands as such secretary and officer, etc. Plaintiff offered in evidence the transcript of the record from the Iowa court, together with the several assignments of the judgment, and the deposition of Alvin Hull, proving the signature of Amos F. Cutler, Jr., and that judgment was assigned to Alvin Hull and by him to plaintiff. The allegations of the petition contained in the record of the proceedings of the Iowa court were, (1) that the Davenport Glue Factory, a corporation, was adjudged a bankrupt on February 10, 1876; (2) that Amos F. Cutler, Jr., was elected assignee and qualified as such; (3) that the corporation was insolvent for more than six months prior to the filing of the petition in bankruptcy; (4) that about the time of filing the petition, the corporation owned and possessed some two hundred and twenty-eight barrels of glue worth some six thousand dollars; (5) that about January 8, 1876, John S. Gorton was treasurer and Truman B. Gorton secretary of said corporation, and that they and one Hanna united and conspired together for the purpose of converting and appropriating said glue to their own use, and place it beyond the reach of creditors, knowing that the corporation was bankrupt, and that creditors were about to institute proceedings in bankruptcy; (6) that the Gortons, without authority, pretended to sell said glue to Hanna for thirty-four hundred dollars; that it was worth six thousand dollars; (7) that the sale was made to prevent glue from coming into the hands of the assignee; that

the sale was a sham; (8) that the Gortons, as treasurer and secretary, had no authority to sell glue. Sale was made without consent of proper officers of corporation; (9) that warehouseman claimed to hold glue for Hanna; (10) that Gortons received from sale of glue thirty-four hundred dollars, used sixteen hundred dollars to pay off mortgage on glue, and have appropriated balance, eighteen hundred dollars, to their own use, and in fraud of creditors, in pursuance of their scheme to defraud creditors. The Gortons are insolvent; judgment against them would be worthless. The prayer of the petition is, that the sale of glue to Hanna be set aside and declared void; that assignee be authorized to seize glue, etc. If, in the opinion of the court, this cannot be done, then that judgments be rendered against the Gortons and Hanna for value of glue. In case court finds sale was not fraudulent and void, but properly made, and that funds came into the hands of the Gortons, officers of said corporation, that they be ordered and directed to pay same into hands of assignee. And for general relief, etc.

The defendants, Gortons, answered, admitting the bankruptcy; that Cutler was elected assignee and qualified as such. (3) Deny that corporation was insolvent for more than six months, or at any time prior to filing petition in bankruptcy; (4) deny that corporation owned any glue, or that it was worth six thousand dollars; (5) deny that Hanna united and conspired with them for the purpose of converting glue to their own use, or to place it beyond reach or control of assignee; that corporation was bankrupt, or that it was the intention of creditors to institute proceedings in bankruptcy; admit they were officers of said corporation as alleged; deny that Hanna is a relative or friend; (6) deny that they, in pursuance of an agreement and without authority, pretended to sell glue to Hanna, or that glue was worth six thousand dollars, but allege

that it was worth thirty-four hundred dollars ; (7) deny sale was made for the purpose of keeping glue from coming into hands of assignee ; deny that sale of glue was a sham ; (8) deny that they, as treasurer and secretary, had no authority to sell glue, or that sale was without knowledge or consent of president and other officers, etc., or in any violation of articles of incorporation ; (9) admit glue was in possession of Dlazell ; (10) deny they received from sale of glue thirty-four hundred dollars, or any other sum ; deny that they appropriated eighteen hundred dollars, or now hold same ; deny that sale was made to keep glue from coming into hands of assignee, or in pursuance of plan or scheme to convert same to their own use and purpose, or in fraud of creditors ; (11) defendants say that on January 8, 1876, the corporation had on hand two hundred and twenty-eight barrels of glue, had borrowed on glue two thousand dollars, were requested to sell glue and pay this money. On said date glue was sold to Hanna for thirty-four hundred dollars, market value. Out of this, sixteen hundred dollars was paid to satisfy lien on glue, and balance, eighteen hundred dollars, was paid to John S. Gorton, treasurer. At that time corporation was indebted to John S. Gorton and Truman B. Gorton, $1,270.79 cash, for which they held notes signed by corporation and due ; that on January 8, 1876, corporation had on hand nineteen hundred dollars, and corporation then gave order to John S. Gorton, treasurer, to pay nineteen hundred dollars on said notes, which he did, nine hundred and fifty dollars on each ; that money was ordered paid in usual course of business ; that when glue was sold and payment made on notes, Gortons did not consider corporation bankrupt ; there was twenty-five thousand dollars worth of real estate, worth more than enough to pay all debts ; that they did not receive payment on notes intending to prevent said money from coming into hands of assignee, or

with intent to evade or defeat the provisions of bankrupt act, or with knowledge that said corporation was bankrupt. The answer of Hanna puts in issue the charges made against him in the petition, and claims that he purchased the glue in good faith and for value. Defendants John S. Gorton and Hanna filed their separate answers, but the proceedings, so far as they are concerned, are of no importance in this case and need not be further noticed.

The decree was rendered January 26, 1878. This decree is, "that so much of the plaintiff's bill as seeks to recover of defendant, J. C. Hanna, the said quantity of glue, being about two hundred and twenty-eight barrels of glue named in said bill, and to subject said glue to the payment of the debts of said Davenport Glue Factory, do stand dismissed out of this court with costs to be paid by the plaintiff to said defendant, J. C. Hanna, to be taxed by the clerk of this court. And as to the rest of the relief sought by plaintiff's bill, it is ordered and decreed that the complainant have and recover of the defendant Truman B. Gorton the sum of eighteen hundred dollars, with interest thereon from the eighth day of January, 1876, at the rate of six per cent. per annum, amounting in all, damages and interest, to the sum of one thousand and eight ($1,008.00) dollars, with costs of suit to be taxed by the clerk, amounting to $46.25, and that execution issue upon demand of complainant for the enforcement of this judgment." Plaintiff here rested.

Defendant, to sustain the issues on his part, introduced Truman B. Gorton as a witness. He produced his discharge in bankruptcy in the usual form. It discharges defendant Truman B. Gorton from all debts in existence on "April 26, 1878, on which day the petition for adjudication was filed by him." Witness said he was connected with the Davenport Glue Factory. Defendant asked this question : Q. "Were they ever

indebted to you?" Plaintiff objected to this question as incompetent and irrelevant. "Defendant then stated to the court that he proposed to prove, and offered to prove by the witness, that the money received by the defendant, which is alleged was appropriated to his own use, was received by him as a creditor and not fraudulently, and was applied by him on a debt due to him from the corporation, and that the money received by the defendant was paid to him by the president of the corporation in pursuance of the by-laws of the corporation on a debt owing to Gorton from the corporation; that it was an honest debt, and that Gorton acted in good faith and not fraudulently in the matter of obtaining this money from the corporation, and that the money he collected was the same upon which judgment was rendered against him in that case. The plaintiff objected to this evidence as incompetent and irrelevant, and the court sustained the objections and refused to permit the question to be answered or the evidence to be given, to which ruling of the court defendant then and there excepted." This was all the evidence.

The defendant asked the court to give these instructions:

"1.   Under the pleadings and evidence you will find for the defendant."

"2.   The judgment and decree read in evidence do not show a debt fraudulently contracted on the part of this defendant, nor does it show a debt contracted by him while acting in a fiduciary capacity."

The court refused to give either.   Defendant excepted.

The verdict was for the plaintiff and after an unsuccessful motion based upon the exceptions already indicated there was judgment rendered accordingly, to reverse which the defendant prosecuted his appeal to this court.

We have to decide upon what is the legal effect of

the said judgment of the United States court for the district of Iowa. The contention of the defendant · is, that the record of the proceedings in the Iowa court is not conclusive upon the issues in this case, and that, therefore, the circuit court erred in its refusal to permit the introduction by him of extrinsic parol evidence. If it be true that the Iowa court hath adjudged that the debt sued for was created by the fraud and embezzlement of the defendant while acting in a fiduciary capacity, then that judgment is forever conclusive on the defendant, for the reason that when a matter or thing is submitted to a court of competent jurisdiction and decided, that decision is final and conclusive so long as it remains unreversed. Nothing is better settled in our jurisprudence than that a controversy once litigated to a final judgment becomes *res adjudicata* as to all questions of law and fact decided, and cannot be again re-opened as to such facts in another suit between the same parties or their privies. Biglow on Estoppel ( 4 Ed.) 37 ; Herman on Estoppel, secs. 99, 100 ; Herman on Estoppel & Res Judicata, sec. 111. It is a general rule of practice that a party to a bill in equity is estopped by the decree as to the matters put in issue in the pleadings and settled by the decree. Herman on Estoppel & Res Adjudicata, secs. 407, 408 ; *Caldwell v. White*, 77 Mo. 471 ; *Noyes v. Keene*, 94 Ill. 521 ; *Louis v. Brown*, 109 U. S. 167 ; *Corcoran v. Canal Co.*, 94 U. S. 741. The estoppel of a judgment covers the whole matter in dispute in the cause in which it is rendered and to every point decided between the parties in the course of the proceedings which led to the judgment. Herman on Estoppel & Res Judicata, sec. 111. In *Armstrong v. St. Louis*, 69 Mo. 310, it was said that when the record shows what questions were necessarily involved in a suit which has been determined parol evidence is inadmissible to show that these questions were not and others were determined. In *Mason*

*v. Summers*, 24 Mo. App. 180, it is said that the judgment is conclusive of every matter within the terms of the issues made by the pleadings therein is too well settled to require the citation of authorities. The judgment of a court of competent jurisdiction directly upon the same point as a plea in bar or as evidence conclusive between the parties thereto and their privies is a complete estoppel in every other jurisdiction. In *Eastman v. Cooper*, 15 Pick. 279, it was held that in order to constitute an estoppel the same point must be put in issue upon the record. Whenever a point of fact has been put in issue and found by the jury then the record is regarded as conclusive of that fact whenever it is again drawn in question by the same parties or their privies. In Freeman on Judgments ( secs. 272, 275 ), it is laid down as an inflexible rule that there shall be included in the conclusive effect of every final adjudication every matter material to the disposition of the controversy as made by the pleadings when the cause is submitted for decision. In *Warner v. Corkhite*, 13 B. R. 52, it is declared that when the record shows a material and traversable allegation of fraud as its foundation the judgment need not on its face show that the demand originated in fraud. In *Flanagan v. Pierson*, 15 B. R. 37, 42 Tex. 1, it is said that a judgment rendered in an action where the pleadings raised the issue whether the defendant acted in a fiduciary capacity is conclusive evidence that the debt was so contracted. There are numerous other authorities to the same effect, but it is believed those already cited will suffice for the present purpose. The principle is announced in some of the adjudged cases that parol evidence is admissible to show that the same fact was submitted to and passed upon by the jury in a former action in cases where the record is so general in its character that it could not be known without the aid of such evidence what the precise matter in controversy was at the trial of the former action. *Hickerson*

*v. Mexico*, 58 Mo. 65 ; *Packet Co. v. Sickles*, 24 How. [ U. S.] 324 ; *Dulton v. Woodman*, 9 Cush. 261 ; *Foye v. Patch*, 132 Mass. 110 ; *Fink v. O'Brien*, 68 N. Y. 449 ; *Pruitt v. Holley*, 73 Ala 371 ; *Russell v. Place*, 94 U. S. 606. It will be observed that whether the record in the Iowa court is regarded as a decree in equity or a judgment at law the principles of estoppel applicable are the same in either case.

Now, if we make application of the principles which the foregoing authorities announce to the record of the proceedings of the Iowa court, we shall be able to determine properly the question which we are called upon to determine. As the judgment or decree is shown to be for the plaintiff, notwithstanding the general and special defenses interposed by the answer, we may confine our examination of the record to the petition and judgment in order to correctly determine what matters were included in the judgment as to the defendant. The petition shows the substantive averments to be (1) that the corporation had been insolvent for more than six months prior to the filing of the petition in bankruptcy ; and (2) that the defendant, as secretary, with the treasurer of the corporation, without authority, sold two hundred and twenty-eight barrels of glue, the property of the corporation, from which they received a large amount of money, out of which they appropriated eighteen hundred dollars to their own use in fraud of the creditors of the corporation, etc. The answer put these allegations in issue. The judgment of the court upon these issues was for the plaintiff. It is therefore clear that the nature of the debt sued for here, and the manner in which it arose, were settled by the adjudication of the Iowa court. The *gravamen* of the plaintiff's complaint in that action was that the defendant had been guilty of fraud while acting in a fiduciary capacity, in creating the debt then sued for. This charge is the very foundation of the action and

must be included in the judgment. The defendant proposes in this case to introduce parol evidence upon the very points which were decided by the Iowa court. This he cannot do, for the rule of law is, as we have seen, that the estoppel of a judgment covers the whole matter in dispute in the cause in which the judgment was rendered and to every point decided between the parties in the course of the proceedings which led to the judgment. It follows from these considerations that the Iowa judgment must be held here to include in its conclusive effect the very matters which defendant seeks to litigate. The record of the proceedings of the Iowa court is not so general that it cannot be known, without the aid of extrinsic parol evidence, what was the matter there in controversy, so that the defendant's proposed evidence cannot be admitted on that ground.

The defendant's further contention is, that the fraud mentioned in the proceedings of the Iowa court, and of which he was adjudged guilty, was not fraud in fact, but only fraud in law, and in support of his contention cites, *Neal v. Clark*, 95 U. S. 704, and other decisions of the supreme court of the United States. It is needless to say that these decisions have no application to the case at bar, for the reason that the specific charge on the face of the petition in the Iowa case is, that the defendant, while acting in a fiduciary capacity, fraudulently converted to his own use money which belonged to the corporation whose agent he was. The action was not to recover of defendant a preference he had received in violation of the bankrupt law. The charge was, that an agent, occupying a position of confidence and trust, had unlawfully converted to his own use the money of his principal. If the facts were as alleged by the plaintiff in his petition and passed upon by the court, the corporation itself, except for the disability imposed upon it by the adjudication in bankruptcy, could have recovered the money which the

defendant had wrongfully and fraudulently converted to his own use. The fraud alleged in the petition in the Iowa case was actual and positive, involving moral turpitude, bad faith, closely associated with embezzlement.

It follows that the circuit court did not err in making the rulings of which defendant has complained. The judgment of the circuit court, with the concurrence of Judge ELLISON, Judge GILL not sitting, is affirmed.