Glasner v. Weisberg.

---

A. H. GLASNER, Appellant, v. BENEDICT WEISBERG, Respondent.

Kansas City Court of Appeals, January 5, 1891.

1. **Interpleader :** PROCEDURE : DECREE. In a bill of interpleader if the defendants do not deny the statement in the bill, the ordinary decree is that the defendants do interplead ; and then the plaintiff withdraws from the suit.   But, if the defendants deny the allegation of the bill, the plaintiff must reply to the answer and close the proofs in the usual manner, and at the hearing he can only insist that the defendants do interplead, and such decree is the only decree to which he is entitled.

2. **Res Adjudicata:** INTERPLEADER: ADMISSION OF RECORD. W brought his bill of interpleader against G. and others, averring that he was indebted to some of the defendants for rent at the rate of $40 per month; that defendants could not agree as to which of them was entitled thereto, and praying that they interplead for said rent, etc. G. and some of his codefendants answered, alleging among other things that said rent was $48 per month. Subsequently, however, all the defendants came into court and consented to an order that W. pay into court the $40, etc., which the record shows he did, and the decree among other things adjudged that "Said W. stand discharged of all liability as to said money so paid into court, etc., also discharged from any liability on account thereof. In a subsequent suit at law by G. to recover the $8, *held* that the matter is *res adjudicata,* and that G.'s failure to insist on the allegations in his answer and his consent to the discharge of W. estopped him to again litigate the matter.

*Appeal from the Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED.

*Junius W. Jenkins* and *W. C. Wells,* for appellant.

( 1 ) An order of judgment of a court is *res adjudicata* only when it is final and rendered on the merits of the case. An interlocutory order cannot be. Herman on Estoppel, sec. 47, p. 38; Freeman on Judgments [ 2 Ed.] secs. 251, 260 ; *Garrett v. Greenwell,* 92 Mo. 120 ; *Spradling v. Conway,* 51 Mo. 51 ; *Taylor v. Larkin,* 12 Mo. 103 ; *Bell v. Hoagland,* 15 Mo. 360 ; *Clemens v. Murphy,* 40 Mo. 121 ; *Wright v. Salisbury,* 46 Mo. 26 ; *Wells v. Moore,* 49 Mo. 229 ; *Hathaway v. Fay,* 40 Mo. 540. ( 2 ) Parol evidence is admissible to show whether or not a question was determined in a former suit. *Lightfoot v. Wilmot,* 23 Mo. App. 5 ; *Spradling v. Conway,* 51 Mo. 51 ; *Hickerson v. City of Mexico,* 58 Mo. 61. ( 3 ) It must appear not only that the question was properly in issue in the former trial, but also that the verdict and judgment necessarily

Glasner v. Weisberg.

involved its determination. *Hickerson v. City of Mexico*, 58 Mo. 65.

*Henry Wollman*, for respondent.

(1) Plaintiff's first contention is that the judgment is not a final judgment, because the suit went on .as to the other parties ; that is, that the parties to the suit other than Weisberg would still have to litigate ·over the money paid in by him. The judgment against Weisberg was final as to him and ended his connection with the case, and it was unimportant to him whether the suit went on as to other parties connected with it, or not. He was out of it. A judgment is final when it ends a party's connection with the case, regardless of what may happen to other parties connected with it. *State ex rel. Spickerman v. Allen*, 92 Mo. 25 ; *State ex rel. v. Field*, 37 Mo. App. 96 ; *Jackson v. Magruder*, 51 Mo. 55 ; *Tutt v. Boyer*, 55 Mo. 426 ; *McVey v. McVey*, 51 Mo. 406 ; *Ferguson v. Carson*, 13 Mo. App. 29 ; *Henry v. McKerlie*, 78 Mo. 416 ; *McCrary v. Mentor*, 58 Mo. 440. (2) An order for a plaintiff in an interpleader suit to pay the money in is a final judgment as to him. *Temple v. Dawson*, 19 Ark. 148 ; *Perkins v. Littlefield*, 40 Ga. 225 ; *Ins. Co. v. Ins. Co.*, 23 Minn. 7. (3) A party cannnot avail himself of a proceeding in his favor, and then say that the proceeding was not a proper one. He cannot take the benefit of the judgment in his favor, and then attempt to repudiate it by saying that it was not for enough. The claim for rent was an entire demand and cannot be split up, and where a judgment is entered in favor of a party for a part of a demand he cannot afterwards sue for the balance. *Railroad v. Traube*, 59 Mo. 355 ; *Funk v. Funk*, 35 Mo. App. 246 ; *Brooke v. Ansel*, 51 Mo. 179 ; *Comstock v. Davis*, 51 Mo. 69 ; *State ex rel. v. Harrington*, 100 Mo. 170.

SMITH, P. J.—This action was brought by plaintiffs against the defendant before a justice of the peace to recover the possession of a certain storeroom and $8 per month rent. The plaintiff claimed that the said store was rented to defendant at $48 per month, and that only $40 per month had been paid. The case was removed by appeal to the circuit court where there was a trial which resulted in judgment for defendant and from which the plaintiffs appealed. The defense interposed at the trial was that of *res adjudicata*. Much evidence was adduced, but for the purpose of a correct understanding of the question which we are required to decide it is unnecessary to refer to any part thereof except to the record and proceedings in a suit in equity which was introduced by the defendant to establish the defense already mentioned. In the bill of interpleader filed by defendant in the circuit court of Jackson county it is alleged that Richards, one of the defendants therein, being the owner of a certain building, had leased a storeroom therein (being the same room mentioned in the complaint in this case) to one of his codefendants Stinzel, and that he had leased it to Weisberg, plaintiff therein, and who is defendant herein, for two years, from October 15, 1887, at $40 per month; that, afterwards, Stinzel had moved out of said store, and Glasner, one of the plaintiffs herein, J. Barzen and Jacob Shadigg claimed to be lessees thereof; that the last-named parties and one Minnie Stinzil were all claiming the rent due by him as occupying tenant of said store, and that he was unable to decide who was entitled to it; that he was ready and willing to pay the rent, which was due on the twenty-eighth of November, 1887, and $40 monthly for rent in advance during the remainder of his term, etc. The prayer was, that the said parties claiming said rent, who were made defendants, be required to interplead together concerning their claims to said rent; that he be

authorized to pay the amount of said rent into court, etc., and be discharged from all liability to any and all of the defendants. It was further shown that the defendants, Glasner, Barzen, Shadigg and Richards, filed a joint answer to the said bill of interpleader denying generally its allegations. This was supplemented with a special denial that Stinzel was entitled to the rent alleged to be due. There was also an allegation that Richards had sublet the said storeroom to Weisberg at $48 per month. There was also a further allegation that Glasner and Barzen were entitled to said rent and an order was asked that it be paid over by Weisberg to them. Minnie Stinzel filed a separate answer. It further appears that Glasner, Barzen and Shadigg subsequently appeared in the said interpleader suit and consented to an order of the court requiring Weisberg to pay into court the sum of $40, the same being the amount of rent due by him for the month beginning November 28, 1887, and that he pay a like sum for each succeeding month until the cause should be determined, etc., and that said several sums be paid to the clerk of the court. The record shows that it was admitted at the trial that the defendant herein, Weisberg, did pay said rent to the clerk under the said order of the court. The defendant also read in evidence the decree of interpleader in which, amongst other things, it was adjudged and decreed the said "Benedict Weisberg stand discharged of all liability as to said money so paid into court * * *, also discharged from any liability on account thereof."

The record in this case shows that the claim of the plaintiff is based upon the theory that the defendant in his bill of interpleader only stated that the rent due on his lease was $40 per month when it was $48, and that plaintiff is entitled to recover the difference between those two amounts. The question thus presented for our decision is whether the record which we have referred to is conclusive on the plaintiff; whether in

this state of the record if the defendant Weisberg in the interpleader suit did not state the correct and true amount that was due by him on this lease, but stated a less amount, can the difference between that amount and the correct and true amount be recovered in an action at law? It must be remembered that the parties to this action were adversary parties to said bill of interpleader. They were all then before the court. If the plaintiff in his bill stated that there was a less fund in his hands than there really was, the defendant Glasner who was then aware of the fact could have defeated the interpleader by so framing his answer as to put this allegation of the bill in issue. The rule is that when a question is raised as to the amount which is the subject of the interpleader such question prevents the right of the interpleader. The mere fact of there being a dispute as to the amount of the fund is always fatal to the bill. *Moore v. Usher*, 7 Simon's Rep. 384; *Diplock v. Hammond*, 28 Eng. L. & Eq. 202; *President, etc., v. Barry*, 2 Paige Ch. 570; *Chamberlain v. O'Conner*, 8 How. Pr. 245. In the interpleader suit Glasner, who was one of the defendants therein, by his answer put in issue the amount of the rent alleged by Weisberg, to be in his hands. But, instead of waiting for a hearing and determination of the issue thus tendered, he abandoned it, and with his codefendants voluntarily obtained an order of the court requiring Weisberg to pay over to the clerk of the court the amount of rent which he had alleged in the bill to be in his hands. The bill then stood as if there was no issue as to the amount of the fund in Weisberg's hands. Glasner then occupied the attitude as to Weisberg, of admitting that the amount of the fund was as alleged. It was not different than if Weisberg had stated in his bill of interpleader the correct amount due. If Glasner was not satisfied with the amount of rent alleged, he could have defeated the bill by simply putting in issue the truth of the allegation. But, instead of taking that

course, he elected to withdraw this issue, and let the allegation stand as true. Not having raised the objection then to the amount, ought he be permitted in this suit to again litigate that matter? He could in the interpleader suit, by putting in issue the amount of the fund, have turned Weisberg out of court when he could then have tried the question of the amount of the rent due by Weisberg in a court of law. When Glasner abandoned his answer putting in issue the amount of the fund, and caused an order to be made on Weisberg to pay the fund into court, this ended the latter's connection with the suit. Its object as far as he was concerned was accomplished.

The rule is that, in an interpleader bill, if the defendants do not deny the statements in the bill, the ordinary decree is, that the defendants do interplead; and then the plaintiff withdraws from the suit. But, if the defendants deny the allegations of the bill, the plaintiff must reply to the answer and close the proofs in the usual manner; and that, at the hearing, he can only insist that defendants do interplead. Story Eq. Pl., sec. 297. This was the only decree to which the interpleader was entitled, and it was practically obtained when the defendants, after answer, procured the order for the payment of the fund into court and the discharge of the plaintiff. This decree, though somewhat informal, was all the decree to which the plaintiff was entitled, and after which he was altogether out of the suit, the defendants alone being left to contest their conflicting claims without any aid or interference on his part. 2 Daniel Ch. Pr. 1659, 1660, 1675, 1680; *Ins. Co. v. Ins. Co.*, 23 Minn. 7; *Temple v. Dawson*, 19 Barber (Ark.) 148. So that this decree as to Weisberg was final. The amount of the indebtedness of Weisberg, which arose in his lease, was determined in the interpleader case. It was established by the decree discharging him. Without this, the court, sitting as a court of equity, was powerless to proceed further. This had

first to be settled by the decree before the court could take any further steps towards determining the rights of the adverse claimants to the fund. The decree which established the amount of Weisberg's indebtedness on the lease was based upon the record consent of Glasner, a defendant therein. What effect shall be given to that decree in this controversy? Shall the plaintiff here be permitted to again litigate that matter? Nothing is better settled, in our jurisprudence, than that a controversy once litigated to a final judgment becomes *res adjudicata* as to all questions of law and fact decided, and cannot be again reopened as to such facts in another suit between the same parties or their privies. Bigelow on Estoppel [4 Ed.] 37; *Case v. Gorton*, 33 Mo. App. 597. It is a general rule of practice that a party to a bill in equity is estopped by the decree as to matters put in issue in the pleadings and *settled by the decree.* Herman on Estoppel & Res Adjudicata, secs. 407, 408; *Caldwell v. White*, 77 Mo. 471; *Nay v. Kleem*, 94 Ill. 521; *Louis v. Brown*, 109 U. S. 167; *Corcoran v. Canal Co.*, 94 U. S. 741. The estoppel of the decree covered the whole matter in dispute in the cause in which it was rendered, and to every point decided between the parties which led to the decree. In *Armstrong v. St. Louis*, 69 Mo. 310, it was said that, where the record shows what questions were necessarily involved in the suit which has been determined, parol evidence is inadmissible to show the questions were not and others were determined. In *Mason v. Summers*, 24 Mo. App. 180, it is said that the judgment is conclusive of every matter within the terms of the issues made by the pleadings therein, is too well settled to require the citation of authorities. In this case it appears upon the face of the record in the interpleader suit, that the amount of the rent due by Weisberg on his lease was embraced in, and determined by, the decree of interpleader. And the principles of estoppel are applicable alike to a decree in equity or a judgment at law. *Case v Gorton, supra.*

Now, applying these principles to the case at bar, and it seems to us that the conclusion is irresistible, that the subject-matter of this suit was determined in the interpleader suit, and that it has become *res adjudicata*, and cannot be, therefore, again litigated. No error is, therefore, discovered in the action of the circuit court in giving or refusing instructions. It results that the judgment will be affirmed. All concur.