State ex rel. v. Kumpff.

State *ex rel.* T. Mulvihill *et al.*, Appellants, v. George Kumpff *et al.*, Respondents.

Kansas City Court of Appeals, May 6, 1895.

Interpleader: EXECUTION: MOTION FOR NEW TRIAL. Defendants' answer was in the nature of a bill of interpleader, and the claimants did, in fact, interplead, and judgment was given for the plaintiff and the interpleader thereupon filed his motion for a new trial. *Held*, that an execution on said judgment could not properly issue pending such motion without leave of court, and, if so issued, it was properly quashed.

*Appeal from the Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

Affirmed.

*R. O. Boggess* and *John T. Sullivan* for appellant.

A party recovering judgment in a circuit court is entitled, as a matter of course, and of right, to an execution, in accordance with the judgment, to have the same carried into effect. The right can only be taken away or suspended by appeal, on executing a proper supersedeas bond approved by the court from whose judgment the appeal is taken, etc. R. S. 1889, sec. 4895; R. S. 1889, sec. 6020; R. S. 1889, sec. 2240; *Hicks v. Jackson*, 85 Mo. 283; *Rush v. White*, 85 Mo. 339; *Prewitt v. Cheltenham*, 32 Mo. App. 384; *State ex rel. v. Finn*, 19 Mo. App. 557; *Fountain v. Hudson*, 93 Mo. 62; *Bruce v. Vogel*, 38 Mo. 100; *St. Louis v. Brooks*, 107 Mo. 380; *Aultman & Co. v. Daggs*, 50 Mo. App. 280; *Heschall v. Schmidtz*, 50 Mo. 454.

*Robert Adams* for respondent.

(1) Under our system of practice, respondent being in possession of the funds in his hands as executor, disclaiming any right to retain it, and admitting that it belongs to one of different claimants, either one or both threaten, or have begun, suit, may ask the intervention of a court that he may not run the risk of paying twice. *Cheever v. Hodson*, 9 Mo. App. 365–368. In the case at bar, the different claimants did take issue with each other, in respect to the right to the fund, and the decree of the court was final and terminated the litigation between the interpleaders in the court below, and either of them had a right to appeal to this court. *Bank v. Traube*, 6 Mo. App. 221; *Bostwick v. Brinkerhoff*, 106 U. S. 3; *Railroad v. Express Co.*, 108 U. S. 24; *Grant v. Ins. Co.*, 106 U. S. 429; *Hastin v. Ackin*, 67 Ala. 313; *Thompson v. Brooks*, 76 Va. 160. As a prerequisite to such appeal, a motion for a new trial was necessary, pending the determination of which no execution could rightfully issue. *Stephens v. Brown*, 56 Mo. 23.

SMITH, P. J.—This is an appeal from a judgment quashing an execution. The undisputed facts of the case are that, on October 11, 1894, the relators recovered judgment against defendants, and that the suit in which the judgment was rendered was founded on the bond of defendant George Kumpff, administrator, with the will annexed, of the estate of Bridget Scanlan, deceased, as principal, and the other defendants as sureties, for the recovery of funds in the hands of the defendant administrator, which relators claimed, as devisees under the will of the testatrix.

We infer from the record, and statement of counsel before us, that the defendant administrator's answer

was in the nature of an interpleader, wherein it was ad-mitted that the fund sued for was in his hands; and that he was ready to bring it into court, and that the said B. F. Moats claimed an interest in it antagonistic to the claim of relators. However this may be, it is at least undisputed fact that the said Moats did interplead in the cause, claiming the fund in the hands of the defendant administrator.

We may assume that the answer set up a sufficient bill of interpleader. It further appears that by the pleadings, issues were made between the relators and the interpleader, and that the court found the issues so made for the relator. Judgment was given in favor of relator, against the defendants, for the penalty in the bond to be satisfied by the payment of $560.27.

The court especially adjudged that the interpleader, Moats, pay certain costs, and that the defendant administrator be allowed $15 for filing his answer and bill of interpleader. It further appears that the interpleader, Moats, in due time, filed motions for a new trial and in arrest of the judgment. These motions being overruled, the interpleader perfected his appeal to this court.

While the motions for a new trial and in arrest of the judgment were still pending and undisposed of, the relators caused an execution to issue on their judgment against defendants. The interpleader thereupon filed his said motion to quash and order the return of said execution, on the ground that it was issued while a motion for a new trial, filed by the interpleader, Moats, was pending. From the order sustaining this motion, the relators have appealed.

The contention of the relators here is that they were entitled, as a matter of right, to an execution on the judgment in their favor, in conformity therewith. Sections 9845 and 6020. They further contend that

the rule of the court, out of which the execution issued, which provides that "execution shall not issue within four days after rendition of judgment, if the term so long continues, or during the pendency of a motion for a new trial or in arrest," etc., is inapplicable, and in no way impairs or abridges their right to have said execution, for the reason that no motion for a new trial had been filed by the defendants and was pending when the execution issued. Or, in other words, that the pendency of the interpleaders' motion was not the pendency of a motion for a new trial within the meaning of the rule.

Before disposing of the question involved in the relators' contention, it may be well to consider briefly what the case was in which the judgment was rendered, on which the execution issued. The answer of the defendants was, as has been already stated, in the nature of an interpleader.

"An interpleading suit involves two successive litigations—one between the plaintiff (in the bill) and the defendants, upon the question whether the defendants shall interplead—the other between the different defendants, i. e., the interpleading itself. The subjects of these two litigations are wholly *separate* and distinct, and, therefore, they require separate allegations and separate proofs." Story, Eq. Pl., sec. 291; Langsdell on Eq. Pl., sec. 162; *Roselle v. Bank*, 119 Mo. 84. Or, as said by Lord COTTENHAM in *Haggart v. Cutts*, Craig & Phillips, 204: "It is where plaintiff says, 'I have a fund in my possession in which I claim no personal interest, and to which you, the defendants, set up conflicting claims; pay me my costs and I will bring the fund into court and you shall contest it between yourselves.' The case must be one in which the fund is a matter of contest between the parties and in which the

litigation between those parties will decide all their respective rights with respect to the fund."

In such case, the only decree that the plaintiff can have is that the defendants do interplead.   Story, Eq. Pl., sec. 297.   When this is obtained, the plaintiff is altogether out of the suit, leaving the interpleading defendants alone to contest their conflicting claims. *Glassner v. Weisberg*, 43 Mo. App. 214; 2 Daniel, Ch. Prac., 1659, 1660, 1675, 1680; *Ins. Co. v. Ins. Co.*, 23 Minn. 7; *Temple v. Dawson*, 19 Barb. (Ark.) 148.

If the court should enter a decree dismissing the plaintiff's bill of interpleader, from that he could appeal, but with the decree determining the rights of the defendant interpleaders to the fund he would have no concern and could not be heard to call it in question by motion for a rehearing.   After the withdrawal of the plaintiff from the case, the controversy is then solely and exclusively carried on between the several interpleaders, who claim the fund.   And, whether the parties who claim the fund are defendants to a bill of interpleader, or are brought in under a rule according to the prayer contained in an answer (in the nature of a bill of interpleader), or are permitted on their own motion to interplead, can make no difference.   The contest is between them, and them alone.

When the finding and decree determining the rights of the various contestants are entered, that puts an end to the whole controversy; unless, as provided in our practice act, one of the contestants, who is dissatisfied therewith, moves for a new trial of the issues which have been so determined adversely to him.   The claimants of the fund, whether they be plaintiffs, defendants or interpleaders, who have come in on their own motion, are parties to the decree.   The statute provides that *every person*, aggrieved by any final judgment or decision of any circuit court in any civil cause, may make his

appeal to the court having appellate jurisdiction. R. S., 2246. This statute is to be liberally construed in favor of the right of appeal. *Bank v. Traube*, 6 Mo. App. 221. As a prerequisite of an appeal, a motion by any party aggrieved by the judgment is necessary; pending the determination of. which, no execution can rightfully issue. *Stephens v. Brown*, 56 Mo. 23.

It follows from these considerations that the interpleader, Moats, was a party in the cause in which the judgment was given, and if aggrieved thereby, he had a right to an appeal. Although the defendants have not been ordered to pay the fund into court, as, perhaps, they should have been, so that they could, by complying with such order, be discharged, they ought not to be required to pay over the fund on the execution, unless they can be thereby fully discharged. The satisfaction of the execution in question would not protect them against another execution issued on a judgment declaring Moats entitled to the fund in the hands of the defendant administrator. The defendant interpleader would be in no better or different situation than if he had paid over the fund to the relators in the first instance, without taking the precaution to file his bill of interpleader, and the order thereon requiring the adverse claimants to interplead. If, while the parties claiming the fund are contesting their rights thereto, the relators can, by execution, compel the defendant administrator to make payment of the fund to them, then his proceeding by interpleader afforded him no protection whatever and is, indeed, but a mockery and a farce. The inevitable effect of the relators' contention, if sustained, would be to defeat the very object of the defendant administrator's bill of interpleader. We are unwilling to uphold a construction of the rule, which would make the injurious consequences to which we have already referred, possible in a case like this.

VOL. 62—22

We can not see that this case is different from that of an ordinary suit between plaintiffs and defendants, where the losing party files a motion for a new trial. In such case, it would not be pretended an execution could issue, without the leave of court, pending the motion. A judgment has been given against the interpleader, by which he feels aggrieved. He seeks to carry the case by appeal to the appellate court for review there, and, to that end, files his motion for a new trial. Now if, pending that motion, the relators who claim the fund, can, by suing out execution, compel the defendant administrator to hand the fund over to them, why prosecute the appeal further? But it may be said that if, on appeal, the judgment be reversed and a further trial ordered, which should result favorably to interpleader, and if another execution issue on that judgment, the defendant would still be bound to satisfy it, notwithstanding he had previously satisfied that of the relators. This may be true, but to permit such consequences would be an abuse of the process of the court, which is not to be tolerated.

Without further pursuing the inquiry, we may say that it is our opinion that when the interpleader filed his motion for a new trial the effect of that was to suspend the relators' right to have execution on the judgment, without leave of the court, and that since it appears the execution was issued without such leave, the court, on having its attention called thereto by motion, did not err in ordering the same recalled and quashed.

It results that the judgment must be affirmed. All concur.