HATTIE W. WARNER, Respondent, v. I. N. MILLER et
    ux., Defendants; ROBERT MEYER, Garnishee, U. G.
    CRANDALL, Interpleader, Appellant.

**Kansas City Court of Appeals, April 1, 1901.**

**Garnishment:** INTERPLEADER: APPEAL. Plaintiff summoned a
    garnishee whose answer alleged the rights of a third person who was
    summoned to interplead, which he did, and later his interplea was
    dismissed and judgment thereafter given against the garnishee who
    acquiesced. Thereupon the interpleader appealed from the judgment
    against the garnishee. *Held,* he was a stranger to that proceeding
    and without right of appeal therefrom.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,*
                        Judge.

APPEAL DISMISSED.

*Crow, Eastin & Eastin* for appellant.

(1) Appellant had obtained judgment against Robert S.
Meyer, administrator, in the probate court of Holt county and
the administrator was not subject to garnishment, for that rea-
son. Garnishment is not the remedy where the indebtedness
has been reduced to judgment. Tourville v. Railroad, 148 Mo.
623; 14 Ency of Law, p. 778, notes 1, 2, cases cited; State ex
rel. v. Netherton, 26 Mo. App. 414, l. c. 426. (2) Judgment
in garnishment proceedings can not be had against administra-
tor until after order of distribution. Goodman v. Gordan, 61
Mo. App. 685; Curling v. Hyde, 10 Mo. 375. (3) The court
by its ruling necessarily holds that the funds remaining in the
    Vol 88 app—21

hands of the garnishee should be paid to I. N. Miller. In fact the court expressly holds that the entire sum of $378 belonged to I. N. Miller. The court erred in so ruling. Maze v. Griffin, 65 Mo. App. 377.

*C. V. Hickman* for respondent.

(1) But if an administrator is not subject to garnishment, he alone has the right to complain, as the interpleader has no interest in the garnishment case after disposition of his interplea, nor can interpleader's rights be affected by any order or judgment against the garnishee. Brennan v. O'Driscoll, 33 Mo. 372; Car Co. v. Barnard, 139 Mo. 142; Giett v. McGannon, 74 Mo. App. 209; Wolff v. Vette, 17 Mo. App. 36; State ex rel. v. Kumpff, 62 Mo. App. 332. (3) The garnishee has not appealed from the order on him to pay the sheriff the amount of respondent's claim; and the interpleader's rights were determined when his interplea was dismissed. He had no interest in the suit between this respondent and the garnishee. The interpleader's case was distinct from the garnishee's case and must be tried separately and upon a separate record. Interpleader can not appeal except from the order dismissing his interplea. Brennan v. O'Driscoll, 33 Mo. 372; Giett v. McGannon, 74 Mo. App. 209; Wolff v. Vette, 17 Mo. App. 36; Car Co. v. Barnard, 139 Mo. 142; State ex rel. v. Kumpff, 62 Mo. App. 332.

SMITH, P. J.—Plaintiff was given judgment against defendants I. N. Miller and wife. Execution was issued thereon and Robert S. Meyer, administrator of the estate of G. W. Haken, deceased, was summoned as garnishee. In answer to plaintiff's interrogatories the garnishee admitted that he, in his capacity of administrator of the said decedent's estate, was in-

Warner v. Crandall.

debted to the defendant I. N. Miller for medical services, but alleged that said debt, as he was informed, had been assigned to U. G. Crandall and allowed by the probate court in his favor prior to the service of the garnishment. There was a denial of the answer by plaintiff, with which was coupled an allegation to the effect that said assignment of said debt was made with the intent to hinder, delay and defraud, and that the assignee participated in such fraud. The answer prayed that the "assignee be summoned to interplead and show what claim, if any, he had to the property in the hands of the garnishee," etc. The order so prayed for was made accordingly. The summons was issued and served on the assignee who appeared and filed his interplea in which he pleaded that the said Miller debt had been assigned to him as collateral security and that it was insufficient to pay the demand for which it was assigned.

The plaintiff filed a denial of the allegations of the interplea. Afterwards, the court called the interplea branch of the case for trial and repeatedly inquired of the interpleader whether or not he was ready for trial, but he refused to make any announcement whatever, whereupon the court dismissed his interplea. Thereupon, the garnishment branch of the case was called and the trial thereon was proceeded with, resulting in judgment in favor of the plaintiff. The interpleader filed a motion for a new trial, which was by the court overruled. The garnishee took no exception to the judgment but acquiesced therein. The interpleader took an appeal from this judgment.

Under the statute in relation to garnishment, any person claiming property, money or credits attached in the hands of a garnishee may interplead in the cause as provided in attachment cases, but no judgment shall be rendered against a garnishee in whose hands the same may be until the interplea shall be determined. R. S. 1889, sec. 5226. The interplea is in no sense a part of the cause of action; it is the assertion of an in-

dependent right; it is a statutory replevin engrafted in the attachment act, and it must be tried and determined separately upon what is virtually an independent record.   Wolff v. Vette, 17 Mo. App. 36; Giett v. McGannon, 74 Mo. App. 209; State ex rel. v. Kumpff, 62 Mo. App. 332; Car Co. v. Barnard, 139 Mo. 142.   The interplea being a civil action, the interpleader therein takes the place of the plaintiff in the ordinary action and the plaintiff in the garnishment proceeding takes that of defendant.   The interpleader had no interest in the garnishment branch of the case.

After the court gave judgment dismissing his interplea, which stood for the petition in that branch of the case, it was of no consequence to him what became of the garnishment proceeding.   He had no interest in that .   He was no party to it.   Nor had he any right to complain of the judgment against the garnishee.   He was a stranger to it.   The garnishee alone could be injured by it and he alone could appeal from it.   Certainly, the interpleader had no right to appeal from a judgment to which he was no party.   He could have appealed from the judgment of the court dismissing his interplea had he chosen to do so, but this he did not do.   The record shows that he appealed from the judgment in the other branch of the case.   He has no more right to have the proceedings of the court in the garnishment case reviewed on his appeal than he would in any other suit to which he was no party.   It is well settled in this State that a judgment dismissing a suit is a final judgment from which an appeal will lie.   Bowie v. Kansas City, 51 Mo. 454; O'Connor v. Koch, 56 Mo. 253.

It follows that since the interpleader did not appeal from the judgment dismissing his interplea, which was the only judgment from which he could appeal, the appeal taken by him from the judgment against the garnishee must be dismissed, which is ordered accordingly.   All concur.