CHARLES HATHAWAY, Respondent, *v.* PETER L. FOY and the PEOPLE'S PASSENGER RAILWAY COMPANY OF ST. LOUIS, Appellants.

*Practice—Action—Equity—Interpleader.*—One of two parties claiming property in the hands of a third party, cannot bring a suit of equity against the other claimant and the holder, to have the rights of the parties determined as upon a bill of interpleader. A bill of interpleader lies only when the party holding the property asserts no interest therein, and is threatened with suits by different persons claiming the same property.

*Appeal from St. Louis Circuit Court.*

*Ladue* and *Samuel Simmons*, for appellants.

The court erred in refusing to grant the instruction, which asked the court to declare that the plaintiff having a complete remedy at law against the People's Passenger Railway Company, is not entitled to equitable relief in their action against defendant Foy—Grandin v. Jones, 2 Paige Ch. 509 ; Wiswell v. Wall, 3 Paige Ch. 303. Where remedy at law is complete, courts of equity will not assume jurisdiction— 1 Sto. Eq. J. § 641 ; 3 Sanf. 463 ; Kortwright v. Buffalo Bk., 20 Wend. 91. In this last cited case, it was held that an action of assumpsit lies against a monied corporation for refusing to permit a transfer of its stock upon the books of the corporation—The King v. Bank of England, Doug. 523 ; Parbury v. Bank of England, Doug. 529. In the case of the King v. The Bank of England, the court refused a mandamus to compel the bank to enter a transfer of stock on its books, on the ground that an action would lie for a complete satisfaction equivalent to a specific relief, and afterwards assumpsit was brought and the cause tried before Ld. Mansfield, without any exceptions to the remedy.

In support of the above position the following additional cases are cited :—Danforth v. Schoharie Tpk. Co., 12 Johns. 230 ; 3 Mass. 381 ; 10 Mass. 402 ; 17 Mass. 503 ; 8 Pick. 98 ; 7 Cranch, 299 ; 2 Kent's Com. 289, 29 ; Ang. & Ames Corp. (5 ed.) § 376, § 381 ; 15 Abb. Prac. (N. Y.) 4 ; Ward v. Dewey, 16 N. Y. 518 ; Langston v. Hallowback, 4 Barb. (S. C.) 9 ; 5 Johns. Ch. 252 ; 4 Johns. Ch. 84.

*T. T. Gantt*, for respondent.

I. The Circuit Court had plain jurisdiction of the controversy. It was essentially such a proceeding as might have been compelled by the People's Railway Company, which was liable to be sued by two rival claimants of one hundred shares of stock, and was threatened with suit by the person not holding the certificate. The company could with per-

fect propriety have filed its bill, praying that these claimants should be made to interplead, and determine their rival claims, before vexing it with an action—2 Sto. Eq. Jur. § 806, and following tit. Interpleader; 1 Spence's Eq. Jur. 659–60. It is not conceived that there can be a necessity for saying more than this.

II. If the proceeding be one which a court of equity would have compelled, it is a waste of time to detain the court by an argument to show that the plaintiff was justified in doing that which a court of equity would have ordered him to do.

III. The parties Hathaway and Foy are then before the court making proof of their respective titles. On the part of Foy, it appears that he made a subscription for the stock, which on the same or the following day he abandoned and surrendered to Hathaway, in consideration that Hathaway would pay the calls made in respect of it by the company; that Hathaway accepted these terms, paid the calls, and received from the company the certificate for the stock. Foy never paid a penny towards these calls, and never made a pretence of a claim to the stock until three years and more aterwards, when it had become manifest that the stock was worth a large premium. Comment seems quite needless.

HOLMES, Judge, delivered the opinion of the court.

The case presents these leading facts: The defendant Foy was an original subscriber for one hundred shares of stock in the People's Railway Company. No certificate of stock had been issued to him. He declined to pay instalments, but no measures were taken to enforce payment or forfeiture. The plaintiff desired to obtain these shares. An agent of the plaintiff states that he went to Foy on his behalf; that Foy said he did not want the shares if he had to pay instalments thereon, and would relinquish them; that he told Foy that the plaintiff would take them, and that Foy assented, and that he had an indistinct recollection that some writing to that effect was given by Foy for the plaintiff, but was not positive. There was no other evidence of

the existence of any written transfer. The plaintiff went to the company, represented to them that he had been substituted in place of Foy as a subscriber for these same one hundred shares of stock, gave them an obligation to save the company harmless, and received a certificate for one hundred shares of stock, on which he paid the instalments that were called for, and received the dividends until Foy notified the company that he still claimed to be the owner of the stock subscribed by him, when the company refused to pay any more dividends to the plaintiff and required him to refund what had been paid, and the money was refunded to await a determination of the controversy.

The plaintiff now brings this suit in the nature of a bill of interpleader against Foy and the company, and prays that the plaintiff may be declared to be the owner of the one hundred shares of stock, that Foy may be divested of all title to it, and that the company may be decreed to pay the dividends to the plaintiff.

It is plain that there is no equity in the petition. This plaintiff cannot maintain a bill of interpleader in such a case. If such a bill could be maintained at all, it could only be done by the company. The ground of jurisdiction in such cases is, that the plaintiff is in the position of a mere stakeholder, claiming no right in the subject matter, but being liable to be vexed by two or more suits, in the names of different persons, going on at some time—2 Sto. Eq. Jur. § 806–7 & § 821; Freeland v. Wilson, 18 Mo. 380.

If the plaintiff is entitled to these dividends, he has a remedy at law; and so of the other claimant. If the claim were for the same dividends on the same stock by two different persons, and suits were threatened by both, there might be a case which would entitle the company to maintain a bill of interpleader; but if the case be such that both these parties would be entitled to hold the stock subscribed, or taken by them respectively, there would be no case for an interpleader at the suit of the company, and the whole matter would have to be determined at law.

As this bill must be dismissed, it is not deemed proper to go further into the merits of the case at this time. We remark only that the evidence produced here to prove a transfer of his stock by the defendant Foy to the plaintiff, or a substitution of the plaintiff in his place, as a subscriber to this same stock, is altogether too indefinite and uncertain to be entirely satisfactory.

Judgment reversed and the petition dismissed. The other judges concur.