# CASES DETERMINED

IN THE

## St. Louis and the Kansas City

# COURTS OF APPEALS.

OCTOBER TERM, 1887.

MORRIS GLASER, Plaintiff, v. JOHN G. PRIEST *et al.*,
Interpleaders, Appellants, and UNION TRUST
COMPANY OF NEW YORK, Inter-
pleader, Respondent.

### St. Louis Court of Appeals, January 17, 1888.

1. PRACTICE—CASE FOR INTERPLEADER—ALLOWANCE FOR EXPENSES. Where a party holds funds in which he claims no interest, and which are demanded of him by rival claimants, and a serious doubt exists as to which claimant is entitled to them, such facts make a proper case for a bill of interpleader. In such a case, the party will be entitled to an allowance, as costs, for his expenses in maintaining the suit.

2. CORPORATION, FOREIGN—CHARTER POWERS — JUDICIAL RECOGNITION.—The charter of a foreign corporation empowers it "To accept and execute all such trusts of every description as may be committed to them by any person or persons whatsoever, or any corporation, or may be committed or transferred to them by order of the Supreme Court, or by a surrogate, or by any of the courts of record." *Held*, that, under such powers, the corporation can, by appointment of the locally jurisdictional Supreme Court, act as a committee of the estate of a person adjudged, by the same court, to be an habitual drunkard; there being nothing in other parts of the charter, or in controlling laws, which, by necessary

VOL. xxix—1 (1)

implication, limits the grant. *Held*, further, that such an appointee will, by comity, be judicially recognized here, for the purposes of a proceeding affecting any property of the beneficiary within this state.

3. EVIDENCE—NOT MATERIAL, WHEN.—It appearing that the decree entered in this case is eminently just and proper upon the facts shown ; and that it makes the same disposition of the fund which the beneficiary appellant desires to make of it, it is not material to inquire whether evidence ought to have been admitted, tending to show the beneficiary's present capacity to manage his own affairs.

APPEAL from the St. Louis Circuit Court, HON. GEO. W. LUBKE, Judge.

*Affirmed.*

W. H. CLOPTON, for the appellants : Interpleader will not lie where the party filing the bill claims that he is ignorant of the law ; but will lie where the interpleader claims that he cannot tell which of the parties has in fact the title to the subject-matter of the interplea. 2 Story's Eq. Jur. [13 Ed.] secs. 806, 807, 812, 813. The ground of jurisdiction in such cases is that the plaintiff is a mere stakeholder, claiming no interest in the subject-matter. *Hathaway v. Foy*, 30 Mo. 543. This is not a statutory interpleader. *Garrison v. McAllister*, 13 Mo. 579. The court erred in allowing Glaser's attorneys' fees to be taxed as costs. *Stille v. Wear*, 54 Mo. 531. Attorneys' fees are never allowed as costs in this state except as provided by statute. *Draper v. Draper*, 29 Mo. 13 ; *Bank v. King*, 73 Mo. 590. Statutes in reference to costs strictly construed. *Shed v. Railroad*, 67 Mo. 687 ; *Relfe v. Ins. Co.*, 9 Mo. App. 586 ; *City v. Gas Company*, 11 Mo. App. 245 ; *Waters v. Waters*, 49 Mo. 385 ; *Frissel v. Haile*, 18 Mo. 21. The Union Trust Company has no power to act in New York as committee of the estate of an habitual drunkard. Corporations have no powers except such as are expressly granted. *Ruggles v. Collier*, 43 Mo. 353, 375 ; *Blair v. Ins. Co.*, 10 Mo. 559. It is an established rule of con-

struction, where general words follow particular ones, to construe the power as applicable to the things or persons particularly mentioned. *City v. Laughlin*, 49 Mo. 559. In construing the power of the Union Trust Company, under its charter, to act as committee of the estate of an habitual drunkard in New York, this court should not be bound by the opinion of the Supreme Court in New York that it was so authorized, if such question had been litigated there. *Boyce v. City of St. Louis*, 29 Barb. 654; *Runyan v. Carter*, 14 Peters, 122. The Union Trust Company is a foreign corporation and as such has no status here. Const. Mo., sec. 6, art. 12; Rev. Stat., 1879, title, Corporations; Wharton on Conf. Laws, secs. 102, 105*a; United Trust Co. v. Lee*, 73 Ill. 143; *Carroll v. City of E. St. Louis*, 67 Ill. 568; *Paul v. Virginia*, 8 Wall. 181. If it is true that the Union Trust Company is clothed by the laws of New York with the specific power to act as a committee of the estate of an habitual drunkard (which we deny), such law of New York gives it no such corporate power here. *State v. Bunce*, 65 Mo. 349; *Smith v. McCutchin*, 38 Mo. 415; Story on Conf. Laws, 539; *Milliken v. Pratt*, 125 Mass. 374. The rights and powers of ordinary guardians are purely local. Story on Conf. of Laws, p. 696, sec. 494, p. 701, sec. 504; *Hoyt v. Sprague*, 103 U. S. 681; Wharton on Conf. of Laws, secs. 265, 267, 268; *Morton v. Hatch*, 54 Mo. 411; *Ins. Co. v. Needles*, 52 Mo. 19; *Nayler's Adm'r*, 29 Mo. 126. There is no ground for comity in this case. *Weller v. Sugget*, 3 Red. 249; *Hoyt v. Sprague, supra;* Wharton on Conf. of Laws, sec. 100. Comity is never extended where the exercise of powers is repugnant to the policy of the government of the state. In Missouri a foreigner cannot act as administrator. Rev. Stat., p. 3, sec. 10. Guardians of insane persons and habitual drunkards shall possess the same qualifications as administrators. Foreign laws conflicting with home policy invalid. *Scoville v. Canfield*, 14 Johns. 338; *Woodward v. Ruane*, 23 Ark. 523; *Hoyt v. Thompson*, 19 N. Y. 224. There is not

even reciprocity between the states of New York and Missouri on this subject, or between New York and the other states. *Weller v. Suggett*, 3 Red. 249; *Boyce v. City of St. Louis*, 29 Barb. 654; *Ex parte McNeally*, 26 How. Pr. 402; *Morrill v. Dickey*, 1 Johns. Ch. 153; *Williams v. Storrs*, 6 *Id.* 353; *Ex parte Dawson*, 4 Bradf. 130; *McLoskey v. Reed*, 4 *Id.* 334; *Beatty's Est.*, 1 Tuck. (N. Y.) 442. The rule obtains everywhere. *Booth v. Clark*, 17 How. (U. S.) 322, 331; *Leonard v. Putnam*, 51 N. H. 247; *Carruth v. Roads*, 37 Pa. St. 60; *Silence v. Gilman*, 1 *Id.* 193; *Ross v. Railroad*, 53 Ga. 514. The Supreme Court of New York did not authorize the committee to bring this suit. *Alexander v. Relfe*, 9 Mo. App. 133; *Cox v. Volkert*, 86 Mo. 567. The court below erred in excluding proof that Geo. W. Bull is now reformed and capable of managing his affairs. Even in New York the decree of the court that one is an habitual drunkard is only *prima-facie* evidence of incompetence. *Van Wyck v. Brooher*, 81 N. Y. 260; *Leonard v. Leonard*, 14 Pick. (8 N. Y.) 394.

NOBLE & ORRICK and GEO. R. LOCKWOOD, for the respondent: Dr. Bull being a non-resident drunkard, the statutes of Missouri do not provide any means for the appointment of a trustee or committee of his estate in Missouri. 2 Rev. Stat., sec. 5835. The statutes of New York, the state of his residence, make ample provision for the care of his person and property, and the latter, including his estate in Missouri, has been lawfully entrusted to respondent as a trustee, or committee. 4 Rev. Stat. of New York [7 Ed.] title 6, chap. 17; Acts New York 1882, pp. 304, 305; Charter of Union Trust Company; Perry on Trusts, secs. 42, 45. Therefore, the courts of this state, in the exercise of their general equity powers, will, through comity, recognize the right of respondent to receive the rents of the property of its *cestui que trust* in Missouri. *Darby v. Cabanne*, 1 Mo. App. 129; 2 Story's Eq. Jur. [13 Ed.] chap. 36, sec. 1362,

*et seq.; Dodge v. Cole,* 97 Ill. 338. And, although respondent be regarded as a receiver, it will be allowed to sue in a foreign jurisdiction by comity when no detriment would result to the citizens of the state where suit is brought. High on Receivers [2 Ed.] sec. 241, and authorities cited; *Runk v. St. John,* 29 Barb. (N. Y.) 585; *Hoyt v. Thompson,* 5 N. Y. 320; *Bagby v. Railroad,* 86 Pa. St. 291; *Bank v. McLeod,* 38 Ohio St. 174; *Ross v. Railroad,* 53 Ga. 514; *Farmers v. Needles,* 52 Mo. 17.

ALBERT ARNSTEIN, for the plaintiff: A bill of interpleader is properly filed whenever plaintiff holds a fund in which he asserts no interest whatever, and which is claimed by rival claimants, where a reasonable doubt may arise as to the true rights of the respective parties. Adams Eq. *203; *Freeland v. Wilson,* 18 Mo. 380; *Hathaway v. Foy,* 40 Mo. 540; *Cheever v. Hodson,* 9 Mo. App. 565-8; *Farley v. Blood,* 30 N. H. 354; *Hastings v. Cropper,* 3 Del. Ch. 165. The tenancy of the plaintiff did not prevent him from filing this interplea. *Kitchen v. Coal Co.,* 88 Ind. 515; *McWharter v. Halstead,* 24 Fed. Rep. 828; *Badeau v. Tyler,* 1 Sand. Ch. 270. Where a bill of interpleader is properly filed, complainant is entitled to his costs out of the fund. Adams Eq. *206; 2 Daniels Ch. Prac. *1569; *Aymer v. Gault,* 2 Paige, 284; *Print Works v. Stimson,* 2 R. I. 415; *Farley v. Blood,* 30 N. H. 354.

ROMBAUER, J., delivered the opinion of the court.

In June, 1885, George W. Bull, one of the appellants, and then and now a resident of the city of New York, was, on proceedings duly had, adjudged an habitual drunkard by the Supreme Court of the state of New York, and the respondent by said court appointed a committee of his estate.

At the above date, and ever since, Bull owned certain real estate in the city of St. Louis, held and occupied under a lease for years by the plaintiff, Glaser, and

6 MISSOURI APPEAL REPORTS.

the appellant, Priest, was Bull's St. Louis agent for the collection of rents derived therefrom.

After the appointment of the Trust Company as a committee of Bull's estate, Bull requested Priest to pay the rents accruing from his St. Louis property to such committee, which Priest did, but in April, 1886, there being some disagreement between Bull and his said committee, the former revoked the order.

In October, 1886, the Trust Company demanded of Glaser the payment of the rents, and Priest, disputing the right of the company to receive them, made a similar demand that they should be paid to him. Glaser thereupon, being harassed by the contending claimants and by the institution of a suit against him by one of them, filed this bill of interpleader, stating in substance the above facts, and his inability to determine to whom the rents were payable, and asked leave to bring the money into court, so that the rival claimants might interplead therefor.

To the bill of interpleader the defendants, Priest and Bull, answered, denying the facts therein stated. Upon a trial of this branch of the case, the court found that the bill was properly filed, and supported by the evidence. The court, shortly after the commencement of the proceedings, appointed Priest a receiver of the rents, and continued said appointment in its final decree, hereinafter mentioned.

The defendants, Priest and Bull, excepted to the ruling of the court, in deciding that the case was a proper one for an interpleader, and also objected and excepted to the allowance of forty dollars made to the plaintiff for expenses incurred in filing his bill.

Thereupon the defendants, being ordered by the court so to do, filed their respective interpleas, and the court after a full hearing entered its decree to the following effect:

(1) That the amount of $1,103.10, which the plaintiff, Glaser, had paid to the receiver, Priest, as rent accrued during the pendency of the proceedings, be paid

by said receiver to the Trust Company, and be by it appropriated to the payment of the board-bill of said Bull in New York, deducting from said sum only reasonable counsel fees incurred in its collection.

(2) Requiring the receiver to file, on the first day of the October term, 1887, an account of the rents received from the estate, and if the said Union Trust Company, at that date, makes a showing that it has expended the $1,103.10 in strict conformity with the terms of the decree, then it should be entitled to present a motion for an order that the rents then in the hands of said receiver be paid to the said company for the benefit of said Bull. From the decree thus rendered, the interpleaders, Priest and Bull, have appealed to this court.

Before proceeding to the consideration of the legal questions presented, it is proper to state that the answer of defendant, Bull, to the interplea of the Trust Company, after denying the legal standing of said company in court, charges misconduct of the company in the management of the estate in New York. The answer further states, that, in September, 1886, Bull was removed from his residence, to the New York Christian Home for intemperate men, where he has since been required to remain; that the Trust Company has refused to pay his board at said home, although said company had ample means to pay the same; that he and his wife are without proper clothing, and that he is subjected to the humiliation and mortification of duns for his board.

It is also further proper to state, that it appeared in evidence that an amount exceeding the sum of $1,103.10, mentioned in the decree of the court, was due to the New York Christian Home on account of the board of Bull, which amount he was legally liable to pay, and the non-payment of which by the Trust Company, formed one of the main grounds of his complaint.

The correctness of the ruling of the court on the first branch of the case admits of no serious controversy.

The plaintiff held funds in which he claimed no interest himself, and which were demanded of him by rival claimants. There was a serious doubt as to which of the parties thus claiming the funds was entitled to their possession. Both claimed under the plaintiff's landlord, and as his representatives, so that the principle which prevents a tenant to dispute his landlord's title has no application. The equity thus arising in plaintiff's favor entitled him to maintain this suit. Adams Eq. 203; *Hathaway v. Foy,* 40 Mo. 543; *Merchants' National Bank v. Richards,* 6 Mo. App. 459; *Ketcham v. Coal Co.,* 88 Ind. 515; *Badeau v. Tylee,* 1 Sandf. Chy. 270.

If entitled to maintain the suit, he was entitled to have his reasonable expenses therein charged as costs in the case. Such is the practice in equity. Adams Eq. 206. And such has always been the practice in this state.

On the main branch of the case the appellants except to the decree of the court for the following reasons :

(1) That the Union Trust Company has no charter power to act as committee of one's estate who has been adjudged an habitual drunkard.

(2) That if so authorized it cannot sue in this state by virtue of such appointment.

(3) That even if authorized to sue, the court should not have entrusted to it the custody of the funds of the appellant, Bull, because the proof shows that it has grossly mismanaged his estate in New York.

(4) That the court should have received evidence offered by Bull tending to show that he was competent to manage his own estate, as the adjudication in New York was only *prima-facie* evidence to the contrary.

Before proceeding to the consideration of the first exception, it is proper to say that the Trust Company in this case has been appointed and acts as a committee of the estate only, one Dr. Shrady having been appointed a committee of Bull's person.

The charter of the Union Trust Company is in evidence. It confers on the corporation among others the

following powers : "To accept and execute all such trusts of every description as may be committed to them by any person or persons whatsoever, or any corporation, or may be committed or transferred to them by order of the Supreme Court, or by a surrogate, or by any of the courts of record."

The powers thus conferred are broad enough to cover a trust of this character, there being nothing in other portions of the charter, or the laws of the state of New York, which, by necessary implication, limits the grant. The Supreme Court of New York, by confiding this trust to the charge of the corporation, necessarily decided that the corporation had powers to execute it, and although such decision is not absolutely binding upon us, when property rights in this state are drawn in question, yet, in the absence of valid reasons assigned to the contrary, it is necessarily controlling.

The second exception raises a question which has been more or less mooted in different jurisdictions, and which, with almost equal propriety, might be decided either way. The facts controlling our own decision are these : Our statute provides no method for appointing a guardian for a non-resident, who, by reason of habitual drunkenness, has been elsewhere adjudged incapable to take care of his property. This is an incapacity recognized at common law. Story Eq. Jur. [13 Ed.] sec. 1362. Unless the curator or receiver appointed elsewhere is recognized by comity here, the estate of such non-resident is liable to be wasted or destroyed. This is a cogent reason for permitting such representative to sue here, where no right of our citizens is jeopardized, and where no policy of our own laws is violated, and where the control of the funds, as in the present case, is retained by the court. . The objection that there is no precedent for a decree such as the one entered in the present case, is answered in *Dodge v. Cole*, 97 Ill. 338, 364. If no precedent exists it is the duty of the chancellor to make one in furtherance of justice.

No decision of our own goes to the extent of deny-

ing the right of a foreign receiver to sue in our courts. The case of *Farmer's Ins. Co. v. Needles*, 52 Mo. 17, 19, apparently recognizes such right where the suit is brought in the name of the beneficial plaintiff to the use of the receiver. That, however, is a distinction more of form than substance. In other jurisdictions the right has been recognized. *Runk v. St. Johns*, 29 Barb. 585; *Bagby v. Railroad*, 96 Pa. St. 291; *Bank v. McLeod*, 38 Ohio St. 174. We are, therefore, of opinion that this exception is not well taken.

There is no substantial evidence in the case that the Union Trust Company has been guilty of mismanagement of the estate. That the estate of the unfortunate appellant has been grossly squandered in costs of litigation, is very apparent. To what extent this result has been brought about by his own improvidence, and to what extent it is due to the judicial methods of the state of his domicile, is an inquiry the solution of which can lead to no salutary result, and one which is foreign to the questions before us. Suffice it to say, there is no evidence that his estate has been squandered by his present committee.

Nor is it essential to decide whether the court was justified in excluding evidence offered with a view of showing the appellant's present capacity to take charge of his own affairs. As the decree made by the court is one which, under the facts of the case, is eminently just and proper, and which makes of the funds transferred the same disposition as the appellant himself, according to the terms of his answer, is desirous of making of them, it cannot justly be contended that the decree is prejudicial to his rights in any material degree.

Judgment affirmed. Judge Thompson concurs. Judge Lewis is absent.