THE FRANCO–AMERICAN LOAN AND BUILDING ASSOCIATION, Respondent, v. JUSTIN E. JOY *et al.*, Defendants; JUSTIN E. JOY, Appellant.

St. Louis Court of Appeals, February 13, 1894.

1. **Interpleader.** The general rule is, that to sustain a bill of interpleader it must appear that the petitioner holds property as a mere stakeholder, claiming no personal interest therein, and that he is liable to be sued therefor by two or more rival claimants. The facts of this case are considered, and *held* to bring it within this rule.

| 56 | 433 |
| 61 | 163 |
| 62 | 36 |
| 56 | 433 |
| 81 | 139 |
| 82 | 646 |
| 56 | 433 |
| 95 | ¹487 |

2. ———: ALLOWANCE OF COUNSEL FEES AS COSTS. The complainant in a proper proceeding of interpleader is entitled to an allowance for his attorney's fees and expenses in maintaining the action.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

C. L. *Mott* for appellant.

The plaintiff in a bill of interpleader must be a mere stakeholder, claiming no interest in the fund, and liable to be vexed by two or more suits in the name of different persons going on at the same time. *Hathaway v. Foy*, 40 Mo. 540; *Glaser v. Priest*, 20 Mo. App. 1. Plaintiff must allege and prove an actual claim made, and threat of suit upon it, by each defendant for the same thing, debt or duty, before an order of interpleader will go. Pomeroy's Equity Jurisprudence, sec. 1320; *Providence Bank v. Wilkenson*, 4 R. I. 507; *Briant v. Reed*, 1 McCarter, 271; *Yarborough v. Thompson*, 3 Sm. & M. 291; *State Ins. Co. v. Gennett*, 2 Tenn. Ch. 82; *Porter v. Railroad*, 60 Mo. 160. If the plaintiff has bound itself by contract to any of the claimants, so as to render itself liable upon such independent undertaking, it can not call on the defendants to interplead, since it is liable in any event to one of them, and does not stand indifferent between the claimants. Pomeroy's Equity Jurisprudence, sec. 1326.

J. L. *Hornsby* and J. H. *Trembley* for respondent.

A party holding a fund in which he claims no interest, two or more rival claimants for the same fund, and a doubt as to which one is entitled to it, make a proper case for a bill of interpleader. *Glaser v. Priest*, 29 Mo. App. 1. That respondent held a

fund in which it claimed no interest, and that at least two rival claimants were seeking the same fund, is certainly not debatable. That a serious doubt existed as to which claimant was entitled to the fund, is evident. If respondent is to be treated as a judgment debtor of Albers, the statute clearly authorizes a garnishment under Charles Z. Trembley's execution. Section 4919, Revised Statutes, 1889, changes the common law as to judgment debts being liable to seizure under executions. Section 5218 expressly renders all debtors of defendant liable to garnishment. The statute is broad enough to embrace debtors of every character, including judgment debtors. 1 Freeman on Executions, p. 460, note 4; Drake on Attachment, secs. 623, 624; *Laton v. Horn*, 72 Ill. 81; *Gager v. Watson*, 11 Conn. 168; *Skipper v. Foster*, 29 Ala. 330; *Fithian v. Railroad*, 31 Pa. 114; *Ochiltree v. Railroad*, 49 Iowa, 150; *Orear v. Clough*, 52 Mo. 55.

BIGGS, J.—Concerning the material facts out of which this litigation has arisen, there is no controversy. On September 6, 1891, Rebecca Lowenstein, the wife of Henry Lowenstein, was the owner of a house and lot in St. Louis county, and on said day she negotiated a loan of $1,600 from the respondent, and to secure said loan she and her husband executed a deed of trust on her said property. On November 3, 1891, one Albers instituted a suit against Henry Lowenstein for material furnished in the construction of the house and also to enforce a mechanic's lien against the premises, which lien antedated the title of Mrs. Lowenstein and also the respondent's deed of trust. Mrs. Lowenstein and the respondent were made parties to the suit. The latter having been served with process and still being indebted to Mrs. Lowenstein in the sum of $200 on account of the loan, on November 4, 1891, it

was agreed between respondent and Mrs. Lowenstein that the balance due to her aforesaid should be held by respondent as a special fund to pay off and discharge whatever judgment Albers might recover. On February 23, 1892, Albers obtained a personal judgment against Henry Lowenstein for $185.85, and also a special judgment enforcing his lien against the property.

Prior to any of the foregoing transactions, to-wit, November 8, 1890, one F. W. Peters, the assignor of the defendant Trembley, obtained a judgment against Albers in the circuit court of the city of St. Louis for for $176 debt and $31.50 costs. Execution was issued on this judgment, and on the eleventh day of April, 1892, the respondent was summoned as garnishee thereon, which proceeding is still pending. On April 22, 1892, Albers assigned his judgment against Henry Lowenstein to Joy, the appellant, who immediately had the property advertised for sale under execution.

On June 11, 1892, the defendant, Trembley, filed his bill in equity in the circuit court of St. Louis county in which the appellant, the respondent, Albers, and C. L. Mott were made defendants. The foregoing facts were alleged in the petition, but it was charged that the assignment of the judgment by Albers to Joy was without consideration, and that it was made for the purpose of defrauding him (Trembley) as a judgment creditor of Albers, and that Mott also claimed some interest in the judgment in connection with Joy. The relief asked was, that the respondent be required to pay to the petitioner the amount due on the mechanics' lien judgment. That proceeding is still pending.

On June 22, 1892, the respondent instituted the present action in the circuit court of St. Louis county, in which Joy, Trembley, Mott and the sheriff of St. Louis county were made defendants. The foregoing facts were set forth in the petition, and the further fact

was alleged that the defendant, Mott, also claimed some interest in the mechanics' lien judgment. The respondent asked permission to deposit the amount of that judgment in court; that the appellant, Joy, and the sheriff be enjoined from selling the property under the execution; that Trembley be enjoined from further prosecuting his action against the respondent; that Joy, Trembley and Mott, be required to interplead for the fund deposited in court, and that respondent be finally discharged. The respondent was permitted to deposit the amount of the Albers judgment in court, and temporary injunctions were granted as asked. Mott and Joy filed separate answers under oath, each claiming to be the owner of the Albers' judgment. On final hearing the temporary injunctions were made perpetual; Joy, Mott and Trembley, were required to interplead for the fund, and the respondent was finally discharged. The defendant Joy alone has appealed.

The appellant insists that the court committed error in refusing to hear evidence on the final hearing of the case. This contention is not borne out by the record. When the answers of Joy and Mott came in, Joy filed a motion to dissolve the injunction against himself and the sheriff. The judgment entry recites that the case was submitted for final disposition on the answers of Mott and Joy and on the motion to dissolve the temporary injunction. On the hearing, the foregoing facts were either expressly admitted, or there was evidence tending to prove them. After the final disposition of the case on the motion to dissolve, the appellant asked the court to hear further evidence on the merits. At this juncture the record contains this recital: "Whereupon plaintiff stated to the court that it had no further evidence to introduce, and defendants Joy and Mott were requested to introduce such further evidence as they might have, which they failed to do,

because, as they claimed, the burden of sustaining the allegations of the petition was upon the plaintiff, and that it had not introduced any evidence to sustain the allegations of its petition on the merits.'' The proceedings were irregular, but it is obvious that the appellant was in no way prejudiced. If he had further evidence, he should have offered it, as the opportunity was afforded to him. If the respondent's entire evidence was submitted on the hearing of the motion to dissolve, it would have been a useless form to compel its reintroduction immediately thereafter.

It is insisted further that the facts established are insufficient to warrant or sustain a bill of interpleader. The general rule is that to sustain such a bill it must appear that the petitioner is a mere stakeholder, claiming no personal interest in the subject-matter, and that he is liable to be sued therefor by two or more rival claimants. The facts that such adverse claims have been made, and that suits have been instituted or threatened by the several claimants, must be averred and proved. *Glaser v. Priest*, 29 Mo. App. 1; *Hathaway v. Foy*, 40 Mo. 540.

That the allegations in the bill and the evidence adduced met the requirements of the law, we do not think admits of serious controversy. The respondent had the money with which to pay the Albers' judgment, and was ready and willing to pay it to the person legally entitled to it. On the one hand, the appellant asserted that he was the owner of the judgment by purchase from Albers, and he was proceeding under his execution to sell the property which the respondent held as security for its loan from Mrs. Lowenstein. The title of Mrs. Lowenstein to the property was subordinate to the lien of the Albers' judgment; consequently a sale under the appellant's execution would have been very prejudicial to the

respondent. On the other hand, Trembley, who was a judgment creditor of Albers, had, prior to the assignment of the judgment by Albers to appellant, garnished the respondent as the debtor of Albers. Subsequently, an additional complication was brought about by the institution of the equity suit by Trembley in which he alleged that the assignment to appellant was fraudulent, and that he was justly entitled to the fund held by the respondent. The respondent, thus placed between two fires, could not with safety pay the money to either party; no other course was open to it except the one pursued. That the proceeding might accomplish what was intended, it was necessary to restrain the sale under the appellant's execution, and also to enjoin Trembley from prosecuting the garnishment proceedings.

It is argued by appellant that the respondent was not a debtor of Albers within the meaning of the statutes in this state regulating garnishments, and also that a judgment debtor in this state is not subject to garnishment under process from another jurisdiction; hence it is insisted that the garnishment of the respondent on execution issued from the circuit court of the city of St. Louis was a nullity. It is not necessary for us to discuss or decide these questions, for their decision would not affect the issues in this proceeding. The questions suggested may become important in a contest between Joy and Trembley.

The allowance of $40 allowed the respondent as expenses and attorney's fees was proper. That has been held to be the equity practice. *Glaser v. Priest*, 29 Mo. App. 1.

The judgment will be affirmed. All the judges concur.