JOHN R. CHRISTIAN *et al.*, Appellants, v. THE NATIONAL LIFE INSURANCE COMPANY, Respondent; MISSISSIPPI VALLEY TRUST COMPANY, Administrator of the Estate of A. K. FLORIDA, Interpleader.

St. Louis Court of Appeals, April 9, 1895.

Interpleader: ALLOWANCE FOR ATTORNEY'S FEES: RULE WHEN PAYMENT INTO COURT IS MADE BY CONTESTING DEBTOR. The rule that, in a proper case of interpleader, the stakeholder who pays a fund into court is entitled to a reasonable allowance for attorney's fees, finds no application when a defendant, prior to suit, denies all liability and subsequently contests the extent thereof, and brings the amount of his indebtedness into court only after the determination of this contest against him.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

JUDGMENT MODIFIED, AND CAUSE REMANDED (*with directions*).

*Christian & Wind* for appellant.

*H. M. Pollard* for respondent.

BIGGS, J.—On the ninth day of September, 1893, the plaintiffs instituted the above entitled action on a policy of life insurance which the respondent had issued on the life of A. K. Florida, deceased. The policy was for the benefit of the legal representative of the assured, or his assignee. The plaintiffs claimed in their petition that they were creditors of Florida beyond the amount due under the policy, and that Florida had assigned the policy to them as security for their debt.

The defendant appeared at the return term and represented to the court that the Mississippi Valley Trust

Company (hereinafter designated as the Trust Company), which had been appointed administrator of the estate of Florida, made claim to the amount due under the policy, and it asked that the Trust Company be made a party; that the defendant be permitted to pay into court the sum of $20,000, the face of the policy, and that the Trust Company and the plaintiffs be required to interplead for the fund. All of this was done, and the defendant was also required by the court to deposit the accrued interest on the policy, which amounted to $400. After the filing of the respective interpleas, the court entered an order finally discharging the defendant. It also awarded to it the costs of the proceeding, and allowed it, by way of expenses, $250 as an attorney's fee, to be paid out of the fund. The plaintiffs objected and excepted to the terms of the order, and they have appealed therefrom.

The rule of practice in this state is that, in a proper case of interpleader, the holder of the fund is entitled to have a reasonable attorney fee taxed in his favor. *Glaser v. Priest*, 29 Mo. App. 1; *Franco-American, etc., Ass'n v. Joy*, 56 Mo. App. 433. This is upon the condition that he is a mere stakeholder, and that, prior to the bringing of the suit, and since, he has been ready and willing to discharge his entire liability by paying the fund in his hands to whosoever is lawfully entitled to receive it. In such a case it is but just that he be fully reimbursed for his reasonable expenses in procuring his discharge, which would necesarily include the fees of his attorney.

But we have no such case here. The evidence conclusively establishes the fact that the adjusting agent of the defendant, into whose hands it entrusted the settlement of the loss, expressly and emphatically refused to pay the claim, unless the claimants would submit to a compromise. That fact is established by the testi-

mony of one of the plaintiffs and that of the attorney for the Trust Company, and it is conclusively proven by the letters of the agent himself, which were written a very short time before the plaintiffs commenced their suit. In the letters the agent stated to the plaintiffs that the defendant had a valid defense, and that it would contest the action, unless a compromise was made. In opposition to this is the testimony of the agent himself. In addition to this, the defendant claimed that it was not chargeable with interest, and it contested first and last its liability therefor. Finally the court decided the matter against it. Another fact is also undisputed, and it is shown by written correspondence, that, before the suit was commenced, the plaintiffs and the Trust Company agreed to surrender the policy and give a joint receipt, if defendant would pay the money; that the defendant's agent was notified of this, and that he reiterated the determination of the defendant to fight the claim, unless some sort of a compromise was made. This is the record we have here, and just upon what principle the defendant is entitled to have its costs and expenses paid out of money which the court has found belongs to one or the other of its antagonists, we can not understand. It was a litigant from start to finish, and should be treated as such.

The order of the circuit court, finally discharging the defendant, will be so modified as to disallow the attorneys' fees and costs taxed in favor of the defendant, The National Life Insurance Company, the remaining costs to abide the final result of the action. Remanded to be proceeded with in conformity herewith. All the judges concur.