FERDINAND ARN, Appellant, v. MENIA ARN et al., Respondents.

Kansas City Court of Appeals, May 29, 1899.

1. **Life Insurance:** ASSIGNMENT OF POLICY: JOINT OWNERSHIP: SURVIVORSHIP: ASSIGNEE: ACTION. The assignment of a policy of insurance to a husband and wife creates a joint ownership, and the survivor takes the policy and her assignee may collect the same and may maintain an action for money had and received against the husband's administrator who collects the money.

2. **Money Had and Received**: LAW AND EQUITY. Originally actions for money had and received were purely of equitable cognizance but now courts of law exercise such jurisdiction except in cases where adequate relief can only be obtained in equity.

3. **Action**: INTERPLEADER: EQUITY JURISDICTION. A court of equity may grant relief in a cause even if it be a remedy at law, but one claimant of a fund can not maintain a bill against another claimant of the same fund and the holder thereof when the fund is not turned into court or an order to interplead has not been made by the court. It is only the holder of a fund who can resort to a bill of interpleader.

4. **Appellate Practice**: EQUITY CASES: DEFERMENT TO TRIAL COURT: CONFLICTING EVIDENCE. Where in an equity case the evidence is conflicting or is evenly balanced, the appellate courts will defer to the findings of the trial courts.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED.

GRANT I. ROSENZWEIG for appellant.

(1) If desired to see the exact effect as between themselves of this assignment by Mrs. Mueller to Cornelius and Menia as husband and wife, and that same vested in Cornelius and Menia an estate by entireties with ownership of the whole policy by Menia, the survivor, see Edmondson v. City, 98 Mo. 523, 526; State ex rel. v. Brady, 53 Mo. App. 202; Shields v. Stillman, 48 Mo. 82. (2) A grantor (Menia) is estopped from claiming that her deed of assignment conveys nothing. Bailey v. Trustees, 12 Mo. 175, 177; Lambert v. Estes, 99 Mo. 604, 609.

R. B. GARNETT for respondents.

(1) There is no equity in plaintiff's bill. One claimant of a fund can not sue the stakeholder and the other claimant as upon a bill of interpleader. The fund never having been paid into court by the interpleader, that question is open

to defendant.     Hathaway v. Foy, 40 Mo. 540; Brown v.
Hilig, 69 Mo. App. 594; Kortjohn v. Seimers, 29 Mo. App.
271; Loan Ass'n v. Joy, 56 Mo. App. 433.     (2) Plaintiff has
alleged upon a loan of money, with the policy as collateral se-
curity, and thereupon seeks to recover upon an attempted
proof of a voluntary gift to himself of the policy.     It seems
hardly necessary to cite authorities to the effect that a plaintiff
can not sue upon one cause of action and recover upon an-
other. McGuire v. DeFrese, 2 Mo. App. Reporter, No. 2, p.
131; Turner v. McCook, 2 Mo. App. Rep., No. 1, p. 15; Davis
& Co. v. Strawn, 2 Mo. App. Rep., No. 1, p. 20; Thompson v.
Payne, 1 Mo. App. Rep., No. 16, p. 584.

SMITH, P. J.—The allegations in the plaintiff's peti-
tion are substantially as follows:     That one Mrs. Elizabeth
Mueller took out a policy on her own life in the Germania
Life Insurance Company for $1,000 payable to herself or her
executors, administrators or assigns, and on which was to be
paid during her life a semiannual premium of twenty-seven
dollars and fifty cents; that in 1872 the assured
PLEADINGS.          for a valuable consideration, assigned and
delivered her said policy to Cornelius and the
defendant Menia, alias Philomena Arn, the latter then being
husband and wife; that in 1879, the said Cornelius and Menia,
being unable to pay the premiums then and thereafter to be-
come due on said policy, requested the plaintiff to pay the
same, and as a security therefor delivered to him the said pol-
icy; that in 1880 the said Cornelius died; that in 1892, the
said Menia, for a valuable consideration, assigned said policy
to plaintiff; that in 1897 the assured died and in consequence
thereof there became due on said policy $1,124.20 to the
proper beneficiary; that at the time of the death of the assured
plaintiff, for the purpose of keeping said policy alive, had ad-
vanced in accordance with the said request of the said Corne-
lius and Menia Arn the sum of $1,137.75; that the said insur-

ance company refused to pay said insurance unless the administrator of the estate of Cornelius Arn should join in executing a receipt for said insurance; that for this reason the other defendant Edward C. Arn was appointed such administrator; that the said administrator was permitted to collect said insurance with the understanding of all the parties hereto that it was to be held by him subject to the rights of the plaintiff; that the plaintiff had demanded payment by the said administrator of the amount of said insurance which had been refused on the ground that the defendant Menia Arn claimed an interest in such insurance and that the plaintiff had no remedy at law. The prayer was that the fund so in the hands of the administrator be awarded to plaintiff free of the claims of the other defendants, etc.

The administrator answered admitting that the insurance money had been received and was held by him as alleged in plaintiff's petition, and was subject to the orders of the court.

The other defendant by her answer put in issue the allegations of plaintiff's petition and claimed that she was the owner of the policy at the time of the death of the assured and that the amount collected thereon by the administrator was collected for her use and benefit and she therefore prayed that the said administrator be required to pay over said amount to her.

There was a trial resulting in a decree for defendant Menia Arn in conformity to the prayer of her answer. The plaintiff appeals.

The objection is made that there is no equity in the plaintiff's petition. If this objection is well taken it is fatal. The assignment of the policy to Cornelius and Menia Arn created a joint ownership of the policy and Menia being the surviving joint assignee took the policy by survivorship. Shields v. Stillman, 48 Mo. 82; State v. Brady, 52 Mo. App. 202. Menia having made a formal assignment

LIFE insurance: assignment of policy: joint ownership: survivorship: assignee: action.

of the policy to plaintiff he became the legal owner of such policy, and on the death of the assured was entitled to collect from the insurers the amount due thereon. He stood in the place of Menia. If the administrator collected such insurance it was for the use and benefit of the plaintiff, the legal owner of the policy. It is clear that plaintiff could have maintained against the administrator an action at law for money had and received.

Originally, actions for money had and received were of purely equitable cognizance. But courts of law now universally exercise jurisdiction in such actions ex-

MONEY had and received: law and equity.

cept in those cases where adequate relief can only be obtained in equity, or where the transactions are complicated and a discovery from the defendant is required. Coal Co. v. Slevin, 56 Mo. App. 107; Clark v. Bank, 57 Mo. App. 277. The plaintiff having a plain, adequate and complete remedy at law, there was neither necessity nor occasion for invoking the aid of a court of equity by a bill of interpleader.

But it is no barrier to a court of equity proceedings to grant relief in a cause, even if there be an adequate remedy at law, as here, for in such case the court will go forward and afford relief in any cause of action, legal or equitable. Blair

ACTION: interpleader: equity jurisdiction.

v. Railway, 89 Mo. loc. cit. 393; Harper v. Rosenberger, 56 Mo. App. 388. This is a suit by one claimant of a fund against another claimant and the holder thereof, the object of which is to obtain a decree awarding the fund to him. Hathaway v. Foy, 40 Mo. 540, was a suit in the nature of a bill of interpleader brought by the claimant of certain unpaid dividends which had been declared on one hundred shares of stock in a certain incorporated railway company against another claimant and the holder thereof. The prayer was that the holder of the dividend be decreed to pay the same over to plaintiff, etc. The court, in the course of the opinion, says

that, "there was no equity in the petition.   The plaintiff can not maintain a bill of interpleader in such case.   If such bill could be maintained at all it could only be done by the company.   The ground of the jurisdiction in such cases is that the plaintiff is in the position of a mere stakeholder, claiming no right in the subject-matter, but being liable to be vexed by two or more suits in the names of different persons, going on at the same time.   2 Story Eq. Jur., secs. 806, 807, 821; Freeland v. Wilson, 18 Mo. 380.   If the plaintiff is entitled to these dividends he has his remedy at law and so has the other claimants   *   *   *   petition must be dismissed."   McFarland, Adm'r, v. Creath, 35 Mo. App. 112, was where an administrator brought suit against an insurance company on a certificate issued by it on the life of the intestate, and also against another who was in possession of the certificate, claiming that the amount due thereon was payable to him.   The prayer of the petition was that the holder of the certificate be compelled to produce it and that the insurance company be compelled to pay plaintiff whatever amount was found due on the certificate.   The trial court, after hearing the testimony, dismissed the petition.   Upon appeal its action was upheld. It was said by the supervisory court in disposing of the appeal that "the plaintiff's petition can not be treated as a suit in equity in the nature of a bill of interpleader.   His remedy is at law.   Hathaway v. Foy, 40 Mo. 540.   Neither can the answer of the defendant company be regarded as a cross-bill or interpleader to which the defendant Creath was bound to make reply, because there was no order of court requiring the plaintiff to interplead for the fund."

In Boyer v. Hamilton, 21 Mo. App. 521, it was said that the debtor alone and not the creditor can maintain a bill of interpleader.   It was further said in the same connection that the fund in controversy was not in the possession of the court and the court could never have made any order in regard to its distribution even if the pleadings and evidence had warranted

it. Kortjohn v. Seimers, 29 Mo. App. 271, and Franco v. Joy, 56 Mo. App. 433, are to the same effect. In Hayman v. Cameron, 46 Miss. 725, it is said that where there are two or more claimants of a debt, or other matter, a party may resort to chancery for his protection against conflicting claimants and the harassment of several suits, and insist that the claimants shall litigate their demands and submit to the decision of the court their respective rights. But a bill of interpleader rests upon the fundamental principle that the complainant is a mere holder of a stake which is contested for by the other party. If the complainant asks relief in the premises against either party or asserts a right or claim against either or both of them it would be fatal to his bill. In Sprague v. West, 127 Mass. 471, it is said that it is nowhere held that a party in interest under a trust can maintain a bill in the nature of a bill of interpleader against the trustee and an adverse claimant. These authorities are sufficient to show that the plaintiff's suit which is in the nature of a bill of interpleader can not be maintained against the administrator, the custodian of the fund, and the other defendant, an adverse claimant thereof.

But the plaintiff contends that the principles announced by these authorities have no application since the adoption of section 1994, Revised Statutes 1889. But a reference to that section as it stood in the Revisions of 1865 and 1879 will show that the same has not been changed by the amendment further than to make the rule as to joining parties apply in suits in equity as well as in actions at law. It is not believed that by this amendment of the statute it was intended to require a departure from the well established principles of pleading announced in the cases to which we have adverted. If the plaintiff had brought his action at law against the administrator to recover the fund, the latter might have answered in the nature of a bill of interpleader and prayed that he be permitted to pay the fund into court and for an order requiring the adverse claimants to assert their rights thereto. By

proceeding in this way the relative claims of the parties to the fund could no doubt have been properly brought before the court for determination. State ex rel. v. Kumpf, 62 Mo. App. 332. We feel we must condemn the irregular pleading by which this case was brought before the court, or else run counter to what seems to us to be the requirements of the well established rules of pleading prevailing in this jurisdiction. There seems to have been no order of court requiring the claimants of the fund to interplead therefor, nor was the fund placed in the custody of the court, as it should have been, in order to have enabled the court to direct the disposition of the same.

Even if the pleadings had been framed so that the court could have tried and determined the rights of the parties in respect to the fund, yet on account of the numerous glaring and irreconcilable conflicts in the testimony presented by the record, we should have deferred to the finding of the trial court so far as the rights of the plaintiff are concerned. The rule of practice now is, that where the testimony is conflicting, or where it is evenly balanced and the finding seems to be correct, the revisory courts will so far defer to the finding. Benne v. Schnecko, 100 Mo. 250; Clark v. Bank, *ante*. Under the testimony the court might very well have found that the plaintiff at the request of Cornelius and Menia Arn made the advancements of the several semiannual premiums on the said policy as claimed by him and yet that the amount of such advancements had in one way and another been returned to him so that when this suit was begun there was nothing due him on that account. But since, on account of the fatal infirmity in the pleadings, to which we have already referred, we shall cut the case up by the roots, it will serve no useful purpose to either review the testimony or notice the propositions of law discussed in the briefs of counsel.

APPELLATE practice: equity cases: deferment to trial court: conflicting evidence.

In order to restore the *statu quo* of all the parties we will reverse the judgment out and out and dismiss the plaintiff's petition. One-half of the cost of the appeal to be taxed against plaintiff and the other half against defendant Menia Arn. All concur.