JOSEPH J. SWAIN et al., Plaintiff in Error, v. HERSCHEL BARTLETT et al., Defendants in Error.

**Kansas City Court of Appeals, February 5, 1900.**

1. **Interpleader: COLLUSION.** He who brings about contesting claims upon himself can not maintain a bill of interpleader.

2. **Trusts and Trustees: STAKEHOLDER: INTERPLEADER: COLLUSION.** A trustee in a deed of trust who has in his hands a surplus after foreclosure and who secures the appointment of an administrator of his grantor's estate in order that such administrator may claim such surplus, can not maintain a bill of interpleader against the suit of his grantor's heirs to recover such surplus on the ground of the administrator's claim.

Error to the Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

REVERSED AND REMANDED (*with directions*).

*Jas. F. Pitt* for plaintiffs in error.

(1) A surplus which arises after the death of the mortgagor belongs to and is recoverable solely by the heir.

Whether it will be treated as personalty or realty, depends upon whether it accrued in the lifetime or after the death of the mortgagor. This is a universal rule, and appears to have no exception anywhere, when, as upon the facts disclosed by defendant's answer, the deed makes no attempt to change the rule of law by stipulating expressly that it shall be payable in another way. 24 Am. and Eng. Ency. of Law [1 Ed.], 957; 2 Lewin on Tr. [8 Ed.], side page 952, sec. 25; 2 Washb. on Real Pr. [5 Ed.], 261, sec. 7a; 2 Jones on Mort. [3 Ed.], secs. 1695, 1927; Varnum v. Meserve, 8 Allen (Mass.) 158; Dunning v. Bank, 61 N. Y. 497; Price v. Blankenship, 144 Mo. 203. (2) The answer of defendant was wholly insufficient as a bill of interpleader. It disclosed on its face purely a question of law, and that plaintiffs must certainly recover. This being true, the bill must fail. 3 Pom. Eq. [2 Ed.], sec. 1328; Parker v. Barker, 77 Am. Dec. 794; Railroad v. Clute, 4 Paige (N. Y. Ch.) 391. The doubt must be one of fact not of law. Briant v. Reed, 14 N. J. Eq. 276, 277. Nor must there be collusion or the fostering of an adverse claim. 4 Wait's Actions and Defenses, sec. 1, p. 152; Marvin v. Ellwood, 11 Paige, 368, 374; L. & B. Ass'n v. Joy, 56 Mo. App. 438.

*Thos. J. Porter* and *Joseph Morton* for defendants in error.

(1) The jurisdiction of the circuit court over the case against defendant Bartlett ended with the January term, since plaintiffs did not take the necessary steps to preserve their right to have this judgment reviewed. The court could not at the May term require defendant Bartlett to pay interest and costs in a case in which final judgment had been rendered the preceding term. Jackson v. Railroad, 89 Mo. 104. (2) Defendant Bartlett was entitled to his attorney fees. This is the general rule in all cases where a bill of interpleader is allowed, and the rule is the same where, as in this case, de-

fendant sets up as a matter of defense to an action at law, facts which show that he might have maintained a bill upon them. Glaser v. Priest, 29 Mo. App. 1; L. & B. Ass'n v. Joy, 56 Mo. App. 433; Christian v. Ins. Co., 62 Mo. App. 35; Roselle v. Bank, 119 Mo. 84. (3) Defendant Bartlett was clearly entitled to the relief prayed in his answer. Casebolt v. Donaldson, 67 Mo. 308; Adey v. Adey, 58 Mo. App. 408; Green v. Tittman, 124 Mo. 372; Vincent v. Platt, 5 Harr. 164; Buttrick v. King, 7 Metcalf, 20.

ELLISON, J.—Plaintiffs, Joseph and Laura S. Swain, are the only heirs at law of Elizabeth L. Swain. The latter in her lifetime gave a deed of trust on her real property to defendant Bartlett, as trustee, to secure payment of a note for $500 to the Mutual Benefit Life Insurance Company of New Jersey. Afterwards, said Elizabeth L. Swain died intestate and plaintiffs, Joseph and Laura, in order to pay claims against the estate also executed a deed of trust on the same property to plaintiff, Reid, as beneficiary, for $800. Afterwards, default having been made on the first deed of trust, defendant Bartlett, as trustee therein, sold the premises which realized a sum sufficient to pay the note to the insurance company and leave a surplus of $1,561.15. Plaintiffs then demanded this surplus of Bartlett, claiming that they as heirs were entitled to it. Bartlett having doubts as to whether they as heirs, or an administrator of the estate were entitled to the surplus, applied to the probate court asking that an administrator be appointed for the purpose of making claim to the fund, and that court put the estate in the hands of the public administrator, who demanded the surplus of him.

Bartlett then answered plaintiffs' petition, admitting the facts alleged (except that plaintiffs were entitled to the money) and then proceeded to allege that he had asked the probate court to appoint an administrator for the purpose (as we must assume) of making claim to the money. That the adminis-

trator had been thereupon appointed and had made demand on him for the money. That he was willing to pay to the person or persons entitled thereto and asking that plaintiffs, and the administrator be required to interplead therefor, and that he be permitted to pay it into court.

The administrator filed his interplea and plaintiffs filed a motion to strike out all of Bartlett's answer, except that part stating the sum in his hands to be $1,561.15. This motion was brought up for determination at the January term, 1899, of the Buchanan circuit court, when by consent of parties it was agreed that the ruling of the court on the motion might be taken as decisive of the case. The court thereupon, after hearing the motion, overruled it.

The court ordered the parties to interplead for the money, rendered judgment that plaintiffs were entitled to the money, but allowed defendant Bartlett an attorney's fee. It is not clear from the confused record what else was allowed, but it was perhaps interest and costs. No bill of exceptions or motion for new trial was filed at the term when the motion to strike out was overruled. The court then took the matter of allowance of attorney's fee to the defendant Bartlett as part of the costs under advisement until the next term, when an allowance of fifty dollars was made. Thereupon plaintiffs in due time filed their bill of exceptions, etc.

It is now contended by defendant that since plaintiffs did not take a bill of exceptions at the term when the motion to strike out was overruled, no question on the motion can now be considered. The motion to strike out the defendant's answer was decisive of the whole case. The motion involved the only legal question for decision and struck at the whole controversy between the parties. If sustained it left nothing at issue. Under such circumstances, there was no necessity for a bill of exceptions, since the alleged error appears in the record proper. This is not like the case of Barber Asphalt Co. v. Benz, decided this term, for there only a part of the

defense was stricken out, while here the motion was equivalent to a demurrer and struck at the whole case made by the answer.

The court rendered judgment for the plaintiffs for the surplus in the hands of Bartlett as trustee, less $50 for his attorney's fee, etc., in the interplea. No appeal was taken by Bartlett or the administrator and we have therefore to consider only the question arising on the motion to strike out the answer. That is to say, whether Bartlett was in position to ask the parties to be compelled to interplead for the money in his hands. If he was not, then it was error to make the expense allowance to him which the court made. And that is the contest between the parties.

From Bartlett's answer it appears that those plaintiffs were the only claimants to the money prior to the claim made by the administrator, and that the latter's claim was made at his instigation; that is to say, Bartlett procured the appointment of an administrator so that there might be contested claims for the surplus in his hands. In such circumstances he has no standing in his request for an interplea. He should be regarded as a mere stakeholder. L. & B. Ass'n v. Joy, 56 Mo. App. 438. He must be entirely indifferent between the conflicting interests. 3 Pomeroy Eq. Jur., sec. 1325; Tiedeman Eq. Jur., sec. 570. "He must not have lent himself in any way to further the claim of either party to the fund in controversy." Marvin v. Ellwood, 11 Paige, 374. The whole theory upon which an interpleader is allowed is that the claims against the plaintiff have been made against him without his procurement (Belcher v. Smith, 9 Bing. 82), and without collusion with either claimant. Indeed, an oath to that effect is, in many jurisdictions, required of him. In this case Bartlett himself brought the rival claim into existence by voluntarily going into the probate court and having an administrator appointed, to the end that there might be contested claims. He brought his trouble upon himself. He

should not have been allowed to ask that the claimants inter-plead. Plaintiff's motion to strike out his answer should have been sustained.

The judgment will be reversed and cause remanded with directions to render judgment for plaintiff against defendant Bartlett for $1561.15 with interest at six per cent from September 5, 1898 to day of demand. All concur.